977 F.2d 583
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert SNEED, Plaintiff-Appellant,
v.
Ned MCWHERTER, Governor, State of Tennessee; Charles W.
Burson, Attorney General, State of Tennessee;
Rose M. Hill, Extradition Officer, State
of Tennessee, Defendants-Appellees.
 No. 92-5347.
 United States Court of Appeals, Sixth Circuit.
 Oct. 14, 1992.
 
 1
 Before KENNEDY and BOYCE F. MARTIN, Circuit Judges, and GRAHAM, District Judge.*
 
 ORDER
 
 2
 Robert Sneed, a pro se Tennessee detainee, appeals the district court's order dismissing his petition for declaratory judgment filed under 28 U.S.C. §§ 2201-2202. Because Sneed's petition sought monetary relief and alleged that the state defendants violated his constitutional rights, the district court construed the petition as a civil rights action pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking declaratory, monetary, and injunctive relief, Sneed sued the governor, attorney general, and extradition officer of Tennessee for allegedly violating his constitutional rights to due process and equal protection. Sneed claimed that the extradition laws under which he is detained, pending extradition to Kentucky, are unconstitutionally vague. The district court dismissed the complaint as frivolous under 28 U.S.C. § 1915(d) after concluding that Sneed's sole remedy in challenging the fact of his confinement is a writ of habeas corpus, filed after exhaustion of his state court remedies. In his motion for reconsideration, Sneed stated that he is perfecting an appeal of the denial of his state habeas petition to the Tennessee Court of Criminal Appeals. Reconsideration was denied by the district court's order of February 7, 1992.
 
 
 4
 On appeal, Sneed continues to argue the merits of his claim. In addition, he argues that the district court erred in concluding that his case falls within the class of cases for which habeas corpus is the exclusive remedy. The appellees have notified the court that they will not be filing a brief.
 
 
 5
 Upon review, we affirm the district court's order because the district court did not abuse its discretion in dismissing Sneed's complaint as frivolous pursuant to § 1915(d). See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Because the injunctive relief sought would result in Sneed's release from custody, his challenge to the extradition order must first be raised in a petition for a writ of habeas corpus following exhaustion of his state court remedies.
 
 
 6
 Because damages are sought in addition to an attack on the fact of confinement, the complaint may be dismissed under Preiser v. Rodriquez, 411 U.S. 475 (1973), without prejudice to Sneed's right to seek damages under § 1983 once the deprivation of a constitutional right has been established through the habeas action.
 
 
 7
 Accordingly, we affirm the district court's order. However, we emphasize that the dismissal of Sneed's complaint is without prejudice to his right to file a federal habeas petition following the exhaustion of his state court remedies, or a § 1983 action for damages and declaratory relief. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James L. Graham, U.S. District Judge for the Southern District of Ohio, sitting by designation