996 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Armond D. SMITH, Plaintiff-Appellant,
v.
James JACKSON, Chief, Columbus Police Department; Betsy
Dawson, Caseworker Supervisor of the Franklin
County Children's Services, Defendants-Appellees.
 No. 93-3052.
 United States Court of Appeals, Sixth Circuit.
 July 2, 1993.
 
 1
 Before: RYAN and BOGGS, Circuit Judges, and ROSEN, District Judge.*
 
 ORDER
 
 2
 Armond D. Smith, a pro se Ohio citizen, appeals a district court's sua sponte dismissal of his civil complaint which purported to state claims against James Jackson, the Chief of the Columbus Police, and Betsy Dawson, a case-worker supervisor employed by Franklin County Children's Services. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 As best as can be gleaned from the complaint, Smith sought an order from the district court to direct defendant Jackson to file criminal charges against Patricia McGhee, the mother of Beverly McGhee, who was alleged to have been sexually abused. Smith also complained that defendant Dawson either refused to investigate or could not substantiate this abuse. The district court dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(d).
 
 
 4
 Upon review, we conclude that the district court did not abuse its discretion by dismissing the complaint as frivolous within the meaning of 28 U.S.C. § 1915(d). See Denton v. Hernandez, 112 S.Ct. 1728, 1733 (1992). Smith does not state a claim under federal law.
 
 
 5
 To the extent Smith attempts to state a claim for deprivation of constitutional rights under color of state law, as provided for in 42 U.S.C. § 1983, his complaint lacks an arguable basis in law. Under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he was deprived of a right secured by the Federal Constitution or laws of the United States, and 2) that the deprivation was caused by a person while acting under color of state law. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Brotherton v. Cleveland, 923 F.2d 477, 479 (6th Cir.1991). Absent either element, a claim will not be stated.
 
 
 6
 Smith has not asserted that any of his constitutional rights have been infringed in any way by the alleged failure to pursue other persons who allegedly abused Beverly McGhee. Nothing in any of the documents filed by Smith indicates that he has the legal right to pursue the actions on behalf of Beverly McGhee. On the contrary, one of Smith's documents describes him as Beverly McGhee's "ex foster father and friend."
 
 
 7
 Moreover, inadequate investigation of an incident by government officials does not give rise to a cause of action for denial of civil rights. See McDonald v. Illinois, 557 F.2d 596, 602 (7th Cir.), cert. denied, 434 U.S. 966 (1977).
 
 
 8
 Finally, Smith's complaint lacks an arguable basis in law insofar as he sought an order directing defendant Jackson to file criminal charges against Patricia McGhee. The Eleventh Amendment bars federal courts from ordering a state to comply with its own laws. See Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89, 106 (1984).
 
 
 9
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Gerald E. Rosen, U.S. District Judge for the Eastern District of Michigan, sitting by designation