7 F.3d 238
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Annie L. BAULDWIN, Plaintiff/Appellant,
v.
MEMBERS OF the KNOX COUNTY, POLICE DEPARTMENT,
[1] Defendants/Appellees.
 No. 92-2863.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 7, 1993.*
Decided Sept. 24, 1993.
 
 Before BAUER, Chief Judge, POSNER, Circuit Judge, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Annie Bauldwin claims that officers of the Galesburg Police Department spoke rudely to her on the telephone and refused to file a report and investigate the theft of her car. The district court denied her leave to proceed in forma pauperis finding that there is no constitutional right to have a theft report investigated and the allegations were insufficient to raise an inference of racial discrimination. We affirm.
 
 
 2
 The Constitution protects against unwarranted government interference in our lives. It "confer[s] no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." DeShaney v. Winnebago County Dep't of Social Servs., 109 S.Ct. 998, 1003 (1989). See also Ross v. United States, 910 F.2d 1422, 1428 (7th Cir.1990) ("[T]he government's failure to provide essential services does not violate the Constitution."). It follows that Bauldwin simply has no constitutional right to police help in the retrieval of her car and the property in it.
 
 
 3
 The government, of course, may not selectively deny services it chooses to provide to individuals on the basis of race without violating the Equal Protection Clause. See Yick Wo v. Hopkins, 118 U.S. 356 (1886). But discrimination based merely on individual, rather than group, reasons will not suffice. New Burnham Prairie Homes v. Village of Burnham, 910 F.2d 1474, 1481 (7th Cir.1991).
 
 
 4
 In her complaint, Bauldwin tells us that she is black. She also claims that the two police officers she talked to were white and spoke rudely to her. She alleges no more. Any inference that the officers' actions were motivated by race is fanciful. The district judge did not abuse his discretion by finding Bauldwin's equal protection claim baseless. See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992) (dismissal under section 1915(d) reviewed for abuse of discretion).
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record alone pursuant to Rule 34(f)
 
 
 [1]
 We note that there is no such entity as the Knox County Police Department and assume that plaintiff meant the Galesburg Police Department