23 F.3d 406
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Richard T. BROWN, Plaintiff-Appellant,
v.
James MOORE, Jr.; Steve Moore; Tony Alsabrook; Gary
Carter; Glenda Richards; Starr Hopper; Lisa
Dewes; Rodney Brooks, Defendants-Appellees.
 No. 93-6412.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1994.
 
 Before: MERRITT, Chief Judge; MILBURN and SILER, Circuit Judges.
 
 ORDER
 
 1
 This pro se Kentucky prisoner, Richard T. Brown, appeals a district court order granting summary judgment in favor of defendants and dismissing his civil rights suit filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking a declaratory judgment and monetary damages, Brown sued officials of the Woodford County Detention Center in Woodford County, Kentucky, in their individual and official capacities. Brown alleged that the defendants violated his rights under the Eighth and Fourteenth Amendments as well as Kentucky state law by: 1) using excessive force against him; 2) being deliberately indifferent to his serious medical needs; and 3) placing him in a cell with more serious offenders without granting him a classification hearing.
 
 
 3
 Upon review of the defendants' motion for summary judgment on Brown's excessive use of force claim, and Brown's response thereto, a magistrate judge recommended granting the defendants' motion and dismissing the remaining claims. After objecting to the magistrate judge's report and recommendation, Brown moved for leave to amend his complaint. Brown sought to amend his due process claim and add claims under 42 U.S.C. Secs. 1985 and 1986. Brown also claimed that he was discriminated against because he is a "tattooed" person.
 
 
 4
 The district court adopted the magistrate judge's report and recommendation and denied Brown's motion for leave to amend. In his timely appeal, Brown argues that the district court applied the wrong law and incorrectly decided the facts. Brown reasserts that he is a "tattooed" person against whom defendants have discriminated, and that tattooed persons are entitled to "suspect" classification for the purposes of 42 U.S.C. Secs. 1985 and 1986. He also reasserts that defendants were deliberately indifferent to his serious medical needs and that they used excessive force against him.
 
 
 5
 Initially, we note that Brown does not raise his procedural due process and state law claims on appeal. Thus, these claims are considered abandoned and not reviewable. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 6
 Upon de novo review, we conclude that the district court properly granted the defendants summary judgment on Brown's claim that the defendants used excessive force against him as there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993). The defendants' conduct was motivated by their good faith efforts to restore order and security, and hence did not deprive Brown of his constitutional rights. See Hudson v. McMillian, 112 S.Ct. 995, 999 (1992).
 
 
 7
 The court also did not abuse its discretion in dismissing Brown's claim of deliberate indifference to his serious medical needs. See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Brown's allegations simply do not indicate that the defendants were deliberately indifferent to his serious medical needs, especially given that he was taken to a hospital by an ambulance and examined by x-ray. See Wilson v. Seiter, 111 S.Ct. 2321, 2323-25 (1991); Estelle v. Gamble, 429 U.S. 97, 107 (1976). The district court also properly denied Brown's motion to amend the complaint.
 
 
 8
 Accordingly, we hereby affirm the judgment of the district court for the reasons set forth in the district court's memorandum opinion and order dated September 30, 1993. Rule 9(b)(3), Rules of the Sixth Circuit.