36 F.3d 1097
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Demetrius Lamont ALDERSON, also known as Demetrius-X,
Plaintiff-Appellant,
v.
Terry PITCHER, Warden, Oaks Correctional Facility; Kenneth
McGinnis, Director, Michigan Department of
Corrections, Defendants-Appellees.
 No. 94-1254.
 United States Court of Appeals, Sixth Circuit.
 Sept. 28, 1994.
 
 Before: KENNEDY, WELLFORD and NELSON, Circuit Judges.
 
 ORDER
 
 1
 Demetrius Lamont Alderson appeals a district court order dismissing his complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Alderson sued two Michigan correctional personnel in their individual capacities for serving him and other Muslim inmates peanut butter and jelly sandwiches, fruit and milk at night during the month-long Muslim holiday of Ramadan, rather than letting Muslin inmates have the same type of food that was served to non-Muslim inmates during the day. (Muslims do not eat in daylight hours during Ramadan.) The district court determined that Alderson's claims were frivolous and dismissed the case. Alderson has filed a timely appeal. The appellees have notified the court that they will not be filing a brief.
 
 
 3
 Upon consideration, we conclude that the district court did not abuse its discretion in dismissing Alderson's claim as frivolous pursuant to 28 U.S.C. Sec. 1915(d). See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). While Alderson claims on appeal that his religious beliefs prevent him from eating peanut butter, he did not raise this argument in the district court. Instead, he merely argued that although Muslims and non-Muslims ate at different times, the Muslim inmates should have been served the same food as other inmates. The district court properly concluded that the defendants' actions were an appropriate attempt to accommodate the Muslim prisoners' requirements during the Ramadan holiday. See Turner v. Safley, 482 U.S. 78, 84-91 (1987).
 
 
 4
 Accordingly, and for the reasons set forth in the district court's opinion filed on February 10, 1994, we affirm the order of dismissal. Rule 9(b)(3), Rules of the Sixth Circuit.