37 F.3d 1499
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Paul B. GOIST, Plaintiff-Appellant,
Woodrow Wilson, Jr., et al., Plaintiffs,
v.
J.L. SCHOTTEN, Warden; Paul Warye, Deputy Warden,
Defendants-Appellees.
 No. 94-3360.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1994.
 
 Before: KEITH, KENNEDY and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Paul B. Goist appeals the dismissal of his civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Goist and Woodrow Wilson, Jr., pro se Ohio prisoners, filed a complaint and an amended complaint in the district court seeking certification as a class action and alleging, inter alia, that prison facilities and policies at the Trumbull Correctional Institution interfere with inmates' First Amendment right to access to the courts. Plaintiffs named the defendant Ohio prison officials in their individual and official capacities and sought $1,000,000 compensatory and $1,000,000 punitive damages from each defendant as well as declaratory and injunctive relief. The district court dismissed plaintiffs' action sua sponte as frivolous and certified that an appeal would not be taken in good faith. However, the court subsequently granted plaintiff Goist's motion for leave to proceed in forma pauperis in this appeal.
 
 
 3
 Upon consideration, we conclude that the district court did not abuse its discretion in dismissing plaintiffs' action as frivolous pursuant to Sec. 1915(d). See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Essentially, plaintiffs did not allege that their right to access to the courts was impinged in a tangible way as a result of inadequate means of obtaining legal assistance. See Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985).
 
 
 4
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.