DENTON, DIRECTOR OF CORRECTIONS OF CALI-
FORNIA, ET AL. *v.* HERNANDEZ

No. 90–1846.   Argued February 24, 1992—Decided May 4, 1992

O'Connor, J., delivered the opinion of the Court, in which Rehnquist, C. J., and White, Scalia, Kennedy, Souter, and Thomas, JJ., joined. Stevens, J., filed a dissenting opinion, in which Blackmun, J., joined, *post*, p. 35.

*James Ching*, Supervising Deputy Attorney General of California, argued the cause for petitioners. With him on the briefs were *Daniel E. Lungren*, Attorney General, *George Williamson*, Chief Assistant Attorney General, *Kenneth C. Young*, Assistant Attorney General, and *Joan W. Cavanagh*, Supervising Deputy Attorney General.

*Richard W. Nichols,* by appointment of the Court, 502 U. S. 966, argued the cause and filed a brief for respondent.*

JUSTICE O'CONNOR delivered the opinion of the Court.

The federal *in forma pauperis* statute, codified at 28 U. S. C. § 1915, allows an indigent litigant to commence a civil or criminal action in federal court without paying the administrative costs of proceeding with the lawsuit. The statute protects against abuses of this privilege by allowing a district court to dismiss the case "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." § 1915(d). In *Neitzke* v. *Williams,* 490 U. S. 319 (1989), we considered the standard to be applied when determining whether the legal basis of an *in forma pauperis* complaint is frivolous under § 1915(d). The issues in this case are the appropriate inquiry for determining when an *in forma pauperis* litigant's factual allegations justify a § 1915(d) dismissal for frivolousness, and the proper standard of appellate review of such a dismissal.

I

Petitioners are 15 officials at various institutions in the California penal system. Between 1983 and 1985, respondent Mike Hernandez, a state prisoner proceeding *pro se,* named petitioners as defendants in five civil rights suits filed *in forma pauperis.* In relevant part, the complaints in these five suits allege that Hernandez was drugged and homosexually raped a total of 28 times by inmates and prison

---

*Solicitor General Starr, Assistant Attorney General Mueller,* and *Deputy Solicitor General Roberts* filed a brief for the United States as *amicus curiae* urging reversal.

*Elizabeth Alexander, David C. Fathi, John A. Powell, Steven R. Shapiro,* and *Matthew Coles* filed a brief for the American Civil Liberties Union et al. as *amici curiae* urging affirmance.

officials at different institutions.*   With few exceptions, the alleged perpetrators are not identified in the complaints, because Hernandez does not claim any direct recollection of the incidents.   Rather, he asserts that he found needle marks on different parts of his body, and fecal and semen stains on his clothes, which led him to believe that he had been drugged and raped while he slept.

Hernandez's allegations that he was sexually assaulted on the nights of January 13, 1984, and January 27, 1984, are supported by an affidavit signed by fellow prisoner Armando Esquer (Esquer Affidavit), which states:

> "On January 13, 1984, at approximately 7:30 a.m., I was on my way to the shower, when I saw correctional officer McIntyre, the P-2 Unit Officer, unlock inmate Mike Hernandez's cell door and subsequently saw as two black inmates stepped inside his cell.   I did not see Officer McIntyre order these two black inmates out of inmate Mike Hernandez's cell after they stepped inside, even though inmate Mike Hernandez was asleep inside. After about ten minutes, I returned from the shower, and I noticed my friend, Mike Hernandez, was being sexually assaulted by the two black inmates.   Officer McIn-

---

*See Amended Complaint in *Hernandez* v. *Ylst,* et al., No. CIV S–83–0645 (Feb. 9, 1984) (alleging rape by unidentified correctional officers at California State Prison at Folsom on the night of July 29, 1982), Brief for Respondent 2–4; Motion to Amend Complaint in *Hernandez* v. *Denton,* et al., No. CIV S–83–1348 (June 19, 1984) (alleging rape by one or more prisoners at California Medical Facility at Vacaville on the night of July 29, 1983, and one additional episode in December 1983), Brief for Respondent 5; Complaint in *Hernandez* v. *Ylst,* et al., No. CIV S–84–1074 (Aug. 20, 1984) (alleging six additional druggings and rapes occurring between August 12 and November 4, 1983), Brief for Respondent 6; Complaint in *Hernandez* v. *Ylst,* et al., No. CIV S–84–1198 (Sept. 17, 1984) (alleging three additional incidents occurring between November 26 and December 12, 1983), Brief for Respondent 6–7; Complaint in *Hernandez* v. *Ylst,* et al., No. CIV S–85–0084 (Jan. 21, 1985) (alleging 16 additional incidents occurring between January 13 and December 10, 1984), Brief for Respondent 7.

tyre returned to lock inmate Mike Hernandez's cell door after the two black inmates stepped out. I watch[ed] all this activity from the hallway and my cell door.

"On January 27th, 1984, I was again on my way to the shower, when I noticed the same correctional officer as he unlocked inmate Mike Hernandez's cell door, and also saw as two black inmates stepped inside inmate Mike Hernandez's cell. Then I knew right away that both they and Officer McIntyre were up to no good. After this last incident, I became convinced that Officer McIntyre was deliberately unlocking my friend, Mike Hernandez's cell as he [lay] asleep, so that these two black inmates could sexually assault him in his cell." Exhibit H in No. CIV S–85–0084, Brief for Respondent 9.

Hernandez also attempted to amend one complaint to include an affidavit signed by fellow inmate Harold Pierce, alleging that on the night of July 29, 1983, he "witnessed inmate Dushane B–71187 and inmate Milliard B–30802 assault and rape inmate Mike Hernandez as he lay . . . asleep in bed 206 in the N-2 Unit Dorm." See Exhibit G to Motion to Amend Complaint in *Hernandez* v. *Denton*, et al., No. CIV S–83–1348 (June 19, 1984), Brief for Respondent 6.

The District Court determined that the five cases were related and referred them to a Magistrate, who recommended that the complaints be dismissed as frivolous. The Magistrate reasoned that " 'each complaint, taken separately, is not necessarily frivolous,' " but that " 'a different picture emerges from a reading of all five complaints together.' " *Id.*, at 11. As he explained: " '[Hernandez] alleges that both guards and inmates, at different institutions, subjected him to sexual assaults. Despite the fact that different defendants are allegedly responsible for each assault, the purported *modus operandi* is identical in every case. Moreover, the attacks occurred only sporadically throughout a three year period. The facts thus appear to be "wholly fanciful" and justify this court's dismissal of the actions as frivolous.' "

*Ibid.* By order dated May 5, 1986, the District Court adopted the recommendation of the Magistrate and dismissed the complaints.

Hernandez appealed the dismissal of three of the five cases (Nos. CIV S–83–0645, CIV S–83–1348, CIV S–85–0084; see n. 1, *supra*). Reviewing the dismissal *de novo*, the Court of Appeals for the Ninth Circuit reversed and remanded. *Hernandez* v. *Denton*, 861 F. 2d 1421 (1988). In relevant part, Judge Schroeder's lead opinion concluded that a district court could dismiss a complaint as factually frivolous only if the allegations conflicted with judicially noticeable facts, that is, facts "'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Id.*, at 1426 (quoting Fed. Rule Evid. 201). In this case, Judge Schroeder wrote, the court could not dismiss Hernandez's claims as frivolous because it was impossible to take judicial notice that none of the alleged rapes occurred. 861 F. 2d, at 1426. Judge Wallace concurred on the ground that Circuit precedent required that Hernandez be given notice that his claims were to be dismissed as frivolous and a chance to amend his complaints to remedy the deficiencies. *Id.*, at 1427. Judge Aldisert dissented. He was of the opinion that the allegations were "the hallucinations of a troubled man," *id.*, at 1440, and that no further amendment could save the complaint, *id.*, at 1439–1440.

We granted petitioners' first petition for a writ of certiorari, 493 U. S. 801 (1989), vacated the judgment, and remanded the case to the Court of Appeals for consideration of our intervening decision in *Neitzke* v. *Williams*, 490 U. S. 319 (1989). On remand, the Court of Appeals reaffirmed its earlier decision. 929 F. 2d 1374 (1991). Judge Schroeder modified her original opinion to state that judicial notice was just "one useful standard" for determining factual frivolousness under § 1915(d), but adhered to her position that the case could not be dismissed because no judicially noticeable fact could contradict Hernandez's claims of rape. *Id.*, at

1376. Judge Wallace and Judge Aldisert repeated their earlier views.

We granted the second petition for a writ of certiorari to consider when an *in forma pauperis* claim may be dismissed as factually frivolous under § 1915(d). 502 U. S. 937 (1991). We hold that the Court of Appeals incorrectly limited the power granted the courts to dismiss a frivolous case under § 1915(d), and therefore vacate and remand the case for application of the proper standard.

## II

In enacting the federal *in forma pauperis* statute, Congress "intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because . . . poverty makes it impossible . . . to pay or secure the costs" of litigation. *Adkins* v. *E. I. DuPont de Nemours & Co.,* 335 U. S. 331, 342 (1948) (internal quotation marks omitted). At the same time that it sought to lower judicial access barriers to the indigent, however, Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke, supra,* at 324. In response to this concern, Congress included subsection (d) as part of the statute, which allows the courts to dismiss an *in forma pauperis* complaint "if satisfied that the action is frivolous or malicious."

*Neitzke* v. *Williams, supra,* provided us with our first occasion to construe the meaning of "frivolous" under § 1915(d). In that case, we held that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Id.,* at 325. In *Neitzke,* we were concerned with the proper standard for determining frivolousness of legal conclusions, and we determined that a complaint filed *in forma pauperis*

which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) may nonetheless have "an arguable basis in law" precluding dismissal under § 1915(d). 490 U. S., at 328–329. In so holding, we observed that the *in forma pauperis* statute, unlike Rule 12(b)(6), "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*, at 327. "Examples of the latter class," we said, "are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.*, at 328.

Petitioners contend that the decision below is inconsistent with the "unusual" dismissal power we recognized in *Neitzke,* and we agree. Contrary to the Ninth Circuit's assumption, our statement in *Neitzke* that § 1915(d) gives courts the authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. We therefore reject the notion that a court must accept as "having an arguable basis in fact," *id.*, at 325, all allegations that cannot be rebutted by judicially noticeable facts. At the same time, in order to respect the congressional goal of "assur[ing] equality of consideration for all litigants," *Coppedge* v. *United States,* 369 U. S. 438, 447 (1962), this initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in favor of the plaintiff. In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts.

As we stated in *Neitzke,* a court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless," 490 U. S., at 327, a category encompassing allegations

that are "fanciful," *id.*, at 325, "fantastic," *id.*, at 328, and "delusional," *ibid.* As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. An *in forma pauperis* complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely. Some improbable allegations might properly be disposed of on summary judgment, but to dismiss them as frivolous without any factual development is to disregard the age-old insight that many allegations might be "strange, but true; for truth is always strange, Stranger than fiction." Lord Byron, Don Juan, canto XIV, stanza 101 (T. Steffan, E. Steffan, & W. Pratt eds. 1977).

Although Hernandez urges that we define the "clearly baseless" guidepost with more precision, we are confident that the district courts, who are "all too familiar" with factually frivolous claims, *Neitzke, supra,* at 328, are in the best position to determine which cases fall into this category. Indeed, the statute's instruction that an action may be dismissed if the court is "satisfied" that it is frivolous indicates that frivolousness is a decision entrusted to the discretion of the court entertaining the *in forma pauperis* petition. We therefore decline the invitation to reduce the "clearly baseless" inquiry to a monolithic standard.

Because the frivolousness determination is a discretionary one, we further hold that a § 1915(d) dismissal is properly reviewed for an abuse of that discretion, and that it was error for the Court of Appeals to review the dismissal of Hernandez's claims *de novo.* Cf. *Boag* v. *MacDougall,* 454 U. S. 364, 365, n. (1982) *(per curiam)* (reversing dismissal of an *in forma pauperis* petition when dismissal was based on an erroneous legal conclusion and not exercise of the "broad discretion" granted by § 1915(d)); *Coppedge, supra,* at 446 (district court's certification that *in forma pauperis* appellant is taking appeal in good faith, as required by § 1915(a),

is "entitled to weight"). In reviewing a § 1915(d) dismissal for abuse of discretion, it would be appropriate for the Court of Appeals to consider, among other things, whether the plaintiff was proceeding *pro se,* see *Haines* v. *Kerner,* 404 U. S. 519, 520–521 (1972); whether the court inappropriately resolved genuine issues of disputed fact, see *supra,* at 32–33; whether the court applied erroneous legal conclusions, see *Boag,* 454 U. S., at 365, n.; whether the court has provided a statement explaining the dismissal that facilitates "intelligent appellate review," *ibid.;* and whether the dismissal was with or without prejudice.

With respect to this last factor: Because a § 1915(d) dismissal is not a dismissal on the merits, but rather an exercise of the court's discretion under the *in forma pauperis* statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations. It could, however, have a res judicata effect on frivolousness determinations for future *in forma pauperis* petitions. See, *e. g., Bryant* v. *Civiletti,* 214 U. S. App. D. C. 109, 110–111, 663 F. 2d 286, 287–288, n. 1 (1981) (§ 1915(d) dismissal for frivolousness is res judicata); *Warren* v. *McCall,* 709 F. 2d 1183, 1186, and n. 7 (CA7 1983) (same); cf. *Rogers* v. *Bruntrager,* 841 F. 2d 853, 855 (CA8 1988) (noting that application of res judicata principles after § 1915(d) dismissal can be "somewhat problematical"). Therefore, if it appears that frivolous factual allegations could be remedied through more specific pleading, a court of appeals reviewing a § 1915(d) disposition should consider whether the district court abused its discretion by dismissing the complaint with prejudice or without leave to amend. Because it is not properly before us, we express no opinion on the Ninth Circuit rule, applied below, that a *pro se* litigant bringing suit *in forma pauperis* is entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment can cure the defect. *E. g., Potter* v. *McCall,* 433 F. 2d 1087, 1088 (1970); *Noll* v. *Carlson,* 809 F. 2d 1446 (1987).

Accordingly, we vacate the judgment below and remand the case for proceedings consistent with this opinion.

*It is so ordered.*

JUSTICE STEVENS, with whom JUSTICE BLACKMUN joins, dissenting.

My disagreement with the Court is narrow. I agree with its articulation of the standard to be applied in determining whether an *in forma pauperis* complaint is frivolous under 28 U. S. C. § 1915(d). Moreover, precedent supports the Court's decision to remand the case without expressing any view on the proper application of that standard to the facts of the case. See, *e. g., Rufo* v. *Inmates of Suffolk County Jail,* 502 U. S. 367 (1992). Nevertheless, because I am satisfied that the decision of the Court of Appeals is entirely consistent with the standard announced today, I would affirm its judgment.