972 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marion Howard STEVENSON, Plaintiff-Appellant,
v.
ADA COUNTY SHERIFF, in official capacity and individually,
Defendant-Appellee.
 No. 91-35736.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1991.*
Decided Aug. 7, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marion Howard Stevenson, an Idaho state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous. Stevenson alleges that prison officials failed to return $212.79 when he was transferred to another prison. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We affirm.
 
 
 3
 A state employee's random, unauthorized deprivation of property does not violate the procedural requirements of the due process clause if the state provides a meaningful postdeprivation remedy for the loss. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 543-44 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).
 
 
 4
 When Stevenson was transferred, prison officials apparently did not return his inmate trust account. After Stevenson filed his civil rights action, the magistrate judge tried to resolve the issue by contacting prison officials, who sent Stevenson a check in the amount of $156.24 and an accounting of the disbursements from his account. Stevenson returned the check to prison officials. The magistrate judge then recommended that the district court dismiss the action under Hudson and Parratt and advised Stevenson that he could pursue any claim regarding foregone interest in state court. In his objections to the magistrate judge's recommendation, Stevenson stated that several of the charges to his account took place after he was transferred. The district court then conducted a de novo review and adopted the magistrate judge's recommendation. Prison officials subsequently sent Stevenson a check in the full amount of $212.79. It is not clear from the record whether Stevenson accepted the check.
 
 
 5
 Stevenson apparently argues that his civil rights action should be allowed to go forward so that he can obtain damages from the defendants. In his complaint, he asked for $2000 compensatory and $2000 punitive damages. The Idaho Tort Claims Act, however, provides an adequate state postdeprivation tort remedy for any claim for damages that Stevenson may have from the deprivation of his funds. See Idaho Code § 6-901 et seq. The district court properly dismissed Stevenson's complaint under Hudson and Parratt.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3