983 F.2d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Douglas Anthony NEFF, Petitioner-Appellant,
v.
Richard JOHNSON, Respondent-Appellee.
 No. 92-1818.
 United States Court of Appeals, Sixth Circuit.
 Jan. 21, 1993.
 
 1
 Before DAVID A. NELSON and BATCHELDER, Circuit Judges, and BECKWITH, District Judge.*
 
 ORDER
 
 2
 Douglas Anthony Neff, a pro se Michigan prisoner, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). The respondent has notified the court that he will not be filing a brief.
 
 
 3
 On July 3, 1985, Neff pleaded guilty to second degree murder. He was sentenced to life imprisonment. In his habeas petition, Neff alleged that the state violated his Fourteenth Amendment due process right to be interviewed for parole at the conclusion of his first four calendar years of incarceration. For relief, he requested the district court to order the state to immediately interview him, with interviews to be conducted thereafter on a biannual basis. In addition, Neff requested the court to retain jurisdiction over his petition and, if respondent again violated his due process rights, to order his release from incarceration.
 
 
 4
 The matter was referred to a magistrate judge who found that Neff had no protected liberty interest to a parole interview under the Michigan parole review scheme. Alternatively, the magistrate judge concluded that Neff had not exhausted available state remedies with respect to his parole claim. The magistrate judge recommended that the habeas petition be dismissed as frivolous pursuant to 28 U.S.C. § 1915(d). The district court adopted the magistrate judge's report and recommendation after reviewing Neff's objections.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion in denying Neff's habeas petition as frivolous within the meaning of 28 U.S.C. § 1915(d). See Denton v. Hernandez, 112 S.Ct. 1728, 1733 (1992). There is no inherent constitutionally protected right of a convicted person to be conditionally released before the expiration of a valid sentence. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). Nor does the applicable state statute, Mich.Comp.Laws § 791.234, create a protected liberty interest in parole. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 463 (1989); Hewitt v. Helms, 459 U.S. 460, 469, 471-72 (1983).
 
 
 6
 In a letter brief dated December 29, 1992, Neff invited our attention to a recent amendment to the relevant Michigan statute. Like the original statute, the amended version does not, as we read it, create a protected liberty interest. The outcome of this case on appeal would thus be the same regardless of which version is considered.
 
 
 7
 For the foregoing reasons, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Sandra S. Beckwith, U.S. District Judge for the Southern District of Ohio, sitting by designation