USCA1 Opinion

 

 February 26, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS For The First Circuit ___________________ No. 92-2244 BERENICE MARY GORCZAKOSKI, Plaintiff, Appellant, v. JOHN B. DEROSA, ET AL., Defendants, Appellees. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Rya W. Zobel, U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge, ___________ Torruella and Cyr, Circuit Judges. ______________ ___________________ Berenice Mary Gorczakoski on brief pro se. _________________________ Robert C. Ware and Freedman, DeRosa & Rondeau on brief for ______________ __________________________ appellees. __________________ February 26, 1993 __________________ Per Curiam. Plaintiff Berenice Gorczakoski appeals pro __________ ___ se from a district court judgment dismissing her complaint as __ frivolous under 28 U.S.C. 1915(d). Having carefully reviewed the record and the parties' briefs, we conclude that "no substantial question is presented" and that summary affirmance is therefore warranted under Loc. R. 27.1. Plaintiff's suit involves a dispute over an inheritance. Her complaint alleges that, upon the death of her mother in May 1991, plaintiff inherited a fifty percent interest in a house and property located in North Adams, Massachusetts. Although her mother's will specified that all real estate was to "be sold as soon as practicable," plaintiff expressed a desire to acquire full ownership of the house by buying out the interests of her sisters (the other beneficiaries). In December 1991, at the behest of the executrix, the attorney representing the estate obtained a restraining order from the Pittsfield Probate and Family Court which barred plaintiff from entering the house and directed that the house be padlocked. Plaintiff filed the instant suit against the attorney (and his partners), complaining both of her ouster from the property and of the ongoing plans to sell the house. Charging that defendants had operated deceitfully, she requested that the property be returned to her, that various repairs be performed, and that damages be awarded. -2- After granting plaintiff's application for in forma _________ pauperis (IFP) status, the district court construed her ________ complaint as one under 42 U.S.C. 1983 alleging a deprivation of property without due process. The court then reviewed the complaint under 28 U.S.C. 1915(d), which permits the dismissal of IFP complaints that are "frivolous." A complaint is frivolous when it "lacks an arguable basis either in law or fact"--i.e., when it is "based on an indisputably meritless legal theory" or makes "clearly baseless" factual allegations. Neitzke v. Williams, 490 U.S. _______ ________ 319, 325, 327 (1989). The district court determined that the complaint, even when liberally construed, suffered in this regard as to each of the two essential elements of a 1983 claim: (1) that the conduct complained of was committed by a person under color of state law, and (2) that it deprived a person of rights, privileges, or immunities secured by the Constitution or federal law. See, e.g., Parratt v. Taylor, ___ ____ _______ ______ 451 U.S. 527, 535 (1981). The case was accordingly dismissed. We find no abuse of discretion. See Denton v. ___ ______ Hernandez, 112 S. Ct. 1728, 1734 (1992) ("Because the _________ frivolousness determination is a discretionary one, ... a 1915(d) dismissal is properly reviewed for an abuse of ... discretion."). We need not examine whether defendants might properly be deemed state actors for purposes of 1983, as it -3- is clear that plaintiff has failed to allege even an arguable due process violation. Nowhere below or on appeal has plaintiff adverted to any procedural irregularity surrounding the events in question. In particular, she does not suggest (1) that the procedures attending the issuance of the restraining order were in any way deficient, (2) that the attorney somehow exceeded the scope of that order in removing her from the house and padlocking it, or (3) that his pursuit of plans to sell the house was contrary to the directives of the court or the executrix. Rather, her complaint is directed solely at the substance of decisions reached by the court and the executrix--decisions which are routinely made in the course of probate proceedings. Any disagreement with those decisions must be pursued through the state courts. Plaintiff has alleged no facts which even begin to approach a constitutional violation. See Watson v. Caton, ___ ______ _____ ___ F.2d ___, No. 92-1269, slip op. at 6 (1st Cir. 1993) (per curiam) ("The difference between failing to state a claim and making a frivolous claim is in some situations a question of degree."). As no substantial question has been presented, we summarily affirm the dismissal of her complaint under Loc. R. 27.1. We note that such dismissal does not bar plaintiff from repleading her claim by means of a paid complaint (which, according to her financial affidavit, she may well be capable of affording). See Denton, 112 S. Ct. at 1734. ___ ______ -4- Affirmed. The motion to dismiss is denied as moot. ___________________________________________________ -5-