29 F.3d 633
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary Lane MELVIN, Plaintiff-Appellant,
v.
Robert CORBIN, et al., Defendants-Appellees.
 No. 93-17356.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 25, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 MEMORANDUM**
 Arizona state prisoner Gary Lane Melvin appeals pro se the district court's 28 U.S.C. Sec. 1915(d) dismissal as frivolous of his 42 U.S.C. Sec. 1983 action alleging that he was improperly charged by supervening indictment and was denied a preliminary hearing at his state criminal trial. We have jurisdiction under 28 U.S.C. Sec. 1291. We review a district court's order dismissing an action pursuant to 28 U.S.C. Sec. 1915(d) (1988) for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We affirm.
 According to Melvin, Arizona's supervening indictment procedure violates due process in that it denied him his constitutionally protected right to a preliminary hearing. Melvin relies on two California Supreme Court cases which he believes ruled that California's supervening indictment procedure was unconstitutional. Jennings v. Superior Court of Contra Costa County, 428 P.2d 304 (1967); Johnson v. Superior Court of San Joaquin County, 539 P.2d 792, 799 (1975) (Mosk, J., concurring).
 
 
 1
 The California cases do not support Melvin's position. Other than the probable cause hearing held to justify the continued detention of the accused, there exists no federal constitutional right to a preliminary hearing to determine whether a case should proceed to trial. In the federal system, most felonies and capital offenses are prosecuted by indictment. Smith v. United States, 360 U.S. 1, 6-7 (1959). Melvin has not raised a colorable constitutional claim. The district court did not abuse its discretion in dismissing Melvin's claims pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 2
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3