42 F.3d 1390
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth WARTH, Plaintiff-Appellant,
v.
Tom SELF; Ben Walker; John Does; Jane Does, Defendants-Appellees.
 No. 94-5569.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1994.
 
 1
 Before: MARTIN and BATCHELDER, Circuit Judges, and ENSLEN, District Judge.*
 
 ORDER
 
 2
 Kenneth Warth, a federal prisoner, requests the appointment of counsel and appeals a district court judgment dismissing his civil rights action filed under the authority of Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Warth is imprisoned pursuant to his guilty plea to federal charges of armed bank robbery. Seeking two million dollars from each defendant, Warth filed this action against an Assistant United States Attorney, an FBI agent, and other unknown FBI agents, whom he alleged had broken into his home and removed exculpatory evidence which ultimately led to his false imprisonment. The case was referred to a magistrate judge who recommended that it be dismissed without prejudice pursuant to 28 U.S.C. Sec. 1915(d). The district court overruled Warth's objections and adopted this recommendation, with the exception that it dismissed the complaint with prejudice.
 
 
 4
 On appeal, Warth raises a number of issues, including the arguments that the authority relied on by the district court applies only to state actors, the complaint should not have been dismissed with prejudice, Warth should have been permitted to amend his complaint and to consolidate this case with a pending motion to correct sentence under 28 U.S.C. Sec. 2255, and the district court judge should have recused himself.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion in dismissing this case with prejudice, see Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), as it lacks an arguable basis in law. The Supreme Court has recently made clear that cases such as this one are analogous to a malicious prosecution action and that the plaintiff must prove that the criminal proceedings terminated in his favor, in order to avoid two conflicting resolutions arising out of the same transaction. Heck v. Humphrey, 114 S.Ct. 2364, 2371 (1994). Warth cannot satisfy this standard.
 
 
 6
 The other issues raised on appeal are also meritless. Accordingly, the request for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard A. Enslen, U.S. District Judge for the Western District of Michigan, sitting by designation