48 F.3d 1227
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Paul M. ALLEN, Plaintiff-Appellant,
v.
John A. ZBINDEN, Defendant-Appellee.
 No. 94-35706.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 21, 1995.*
Decided Feb. 27, 1995.
 
 Before: SCHROEDER, CANBY and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul M. Allen, a former Oregon state prisoner, appeals pro se the district court's 28 U.S.C. Sec. 1915(d) dismissal of his civil rights complaint alleging that his appointed defense counsel, John Zbinden, provided ineffective assistance during Allen's state criminal trial. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291,[1] and we affirm.
 
 
 3
 The district court properly dismissed Allen's claims brought under 42 U.S.C. Sec. 1983 because Zbinden was not acting under color of state law. See Polk County v. Dodson, 454 U.S. 312, 325 (1981). The court properly dismissed Allen's claims brought under 42 U.S.C. Sec. 1985 because Allen does not allege the existence of a conspiracy. See Burns v. County of King, 883 F.2d 819, 821 (9th Cir.1989). Moreover, it is clear that Allen cannot amend his complaint to state a cognizable claim because he challenges only Zbinden's conduct as court-appointed defense counsel. See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992); Polk, 454 U.S. at 325.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Contrary to Zbinden's contention, Allen's Fed.R.Civ.P. 59(e) motion for reconsideration was timely and tolled the time to appeal. See Fed.R.App.P. 4(a)(4); Fed.R.Civ.P. 6(a)