51 F.3d 279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry Wayne DEAS, Plaintiff-Appellant,
v.
Thurman DEAS, Defendant-Appellee.
 No. 95-15023.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 29, 1995.
 
 Before: SNEED, POOLE and BRUNETTI, Circuit Judges.
 MEMORANDUM**
 Jerry Wayne Deas, a Wyoming state prisoner, appeals pro se the district court's 28 U.S.C. Sec. 1915(d) dismissal of his diversity action seeking damages for theft and wrongful conversion of his property. The district court construed Deas's action as brought under 42 U.S.C. Sec. 1983 and dismissed the action on the ground that Thurman Deas, the sole defendant, did not act under color of state law. We have jurisdiction under 28 U.S.C. Sec. 1291, and we reverse and remand.
 The district court has original jurisdiction over civil actions where the matter in controversy exceeds $50,000 and is between citizens of different states. See 28 U.S.C. 1332(a). Deas alleges in his complaint that he is a citizen of Wyoming, that defendant Thurman Deas is a citizen of Arizona, and that the matter in controversy exceeds $50,000. Because Deas's complaint properly sets forth the requirements for diversity jurisdiction, the district court erred in dismissing his complaint under 28 U.S.C. Sec. 1915(d). See Denton v. Hernandez, 112 S.Ct. 1728, 1733-34 (1992).
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3