69 F.3d 540
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Matthew SKAMFER, Plaintiff-Appellant,
v.
Gerald WHITBURN, et al., Defendants-Appellees.
 No. 94-3478.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 19, 1995.
Decided Oct. 24, 1995.
 
 Before CUMMINGS, BAUER and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Matthew Skamfer appeals from the district court's denial of a motion to reopen his complaint filed under Sec. 1983 of the Civil Rights Act, 42 U.S.C. Sec. 1983.
 
 
 2
 Skamfer, who is confined at the Mendota Mental Health Institute ("MMHI"), filed his complaint on July 28, 1994, against Gerald Whitburn, Secretary of the Wisconsin Department of Health and Human Services, Steve Watters, Director of MMHI, and Dave Pollock, Nursing Supervisor at MMHI. The complaint seeks monetary damages arising from the conditions of his confinement and from the MMHI's failure to provide him adequate access to the legal materials in the Institute's library. Although Skamfer has enrolled in two years of paralegal studies correspondence courses and spent approximately $3,000 acquiring legal texts, he nevertheless claims that the library is inadequate insofar as it lacks United States Supreme Court reporters, the Federal Reporter series, selected volumes of the United States Code Annotated, and other relevant legal texts. According to the complaint, the inadequacies and limited availability of the legal materials prevented Skamfer from attacking a prior default judgment entered against him in Wisconsin state court. The complaint also requests the district court to appoint counsel to assist him in pursuing his respective claims.
 
 
 3
 On August 11, 1994, the district court found that the conditions of Skamfer's confinement did not give rise to an Eighth Amendment claim, and denied Skamfer's request to proceed in forma pauperis on that claim. However, the district court also found it possible that Skamfer would be able to prove that he was denied access to the courts by defendant Pollock, and allowed him to proceed in forma pauperis on that claim. On September 29, 1994, the district court, at Skamfer's request, dismissed the case without prejudice.
 
 
 4
 Following the dismissal, Skamfer filed a motion to reopen the case specifically to address the issue of the appointment of counsel. On October 7, 1994, the district court denied the motion to reopen, finding that Skamfer previously had not moved for appointment of counsel. Skamfer now appeals.
 
 
 5
 We review a district court's dismissal of an action without prejudice for an abuse of discretion. See Denton v. Hernandez, 504 U.S. 25, 33 (1992). Similarly, a district court's decision to appoint counsel also is reviewed for an abuse of discretion. Maclin v. Freake, 650 F.2d 885, 886 (7th Cir.1981). "Discretionary choices 'are not left to a court's inclination, but to its judgment; and its judgment is to be guided by sound legal principles.' " Maclin, 650 F.2d at 886-887 (quoting Ekanem v. Health & Hospital Corp. of Marion County, 589 F.2d 316, 319 (7th Cir.1978)).
 
 
 6
 In addition, it is well-settled that prisoners have a constitutional right to "meaningful" access to the courts. Bounds v. Smith, 430 U.S. 817, 828 (1977); Gentry v. Duckworth, 65 F.3d 555, 558 (7th Cir.1995). "The right of access to the courts means the right to rise to the level of being a failure. The right of access is at its base a right to be heard." Gentry, 65 F.3d at 559. See also Smith v. Shawnee Library Sys., 60 F.3d 317, 322 (7th Cir.1995); Brooks v. Buscher, 62 F.3d 176, 179 (7th Cir.1995).
 
 
 7
 At issue on appeal is whether the dismissal of Skamfer's action, albeit without prejudice, is a denial of his right to access the courts. Although the district court granted Skamfer leave to reopen his complaint as soon as he is capable of prosecuting the claim, Skamfer argues that the district court's failure either to rule on his request for appointed counsel or to hold a hearing on the adequacy of the institution's law cart will prevent him from prosecuting his claim indefinitely. We agree.
 
 
 8
 Dismissing Skamfer's case without considering his request for counsel or inquiring into the adequacy of the materials on the institution's law cart places Skamfer in an inescapable dilemma. The district court's dismissal of Skamfer's claim without ruling on his request for appointed counsel leaves Skamfer dependent on the institution's legal materials, however inadequate they may be, in prosecuting his claim.[1] Likewise, without holding a hearing on the adequacy of the law cart, it is impossible to determine whether Skamfer has been provided meaningful access to the courts. Dismissal without prejudice temporarily may have cleared the case from the district court's docket, but there is no indication that Skamfer ever will be able to reopen his claim. In the meantime, the statute of limitations continues to run.[2]
 
 
 9
 In light of his paralegal training, private collection of legal texts, and lack of close confinement, Skamfer arguably should be able to proceed without appointed counsel. This very well may be, but the argument misses the point. A decision on whether to appoint counsel is within the discretion of the district court. See Maclin, 660 F.2d at 886. A failure to decide, by contrast, is not. Once the district court found that Skamfer had presented a colorable claim, it should have ruled on his request for appointed counsel, or in the alternative, determined that the legal materials and services at the institution were otherwise adequate to provide Skamfer meaningful access to the courts.
 
 
 10
 For the foregoing reasons, the decision of the district court to deny Skamfer's motion to reopen is reversed and remanded with instructions to take such action as would be consistent with this order.
 
 
 
 [1]
 It is worth noting that the appellees' reaction to Skamfer's request for appointed counsel is, at best, ambivalent. In their brief and at oral argument, the appellees have indicated that "appointment of counsel would, presumably, alleviate any problems with legal materials for the present matter." Appellees' Brief at p. 7. The appellees also note that they have "no position on whether Skamfer should have appointed counsel," and that "in many instances appointed counsel make the work of defense counsel easier. Id. at p. 9, n. 14. In light of these remarks, it seems unlikely that the appellees would object to Skamfer's request
 
 
 [2]
 Appellees note in their brief that the statute of limitations for Skamfer's cause of action is six years. See Gray v. Lacke, 885 F.2d 399, 407 (7th Cir.1989). Because the allegations in the complaint date back to 1992, this would leave Skamfer until 1998 to renew his claim. Appellees' Brief at p. 3. In theory, the six-year period would allow Skamfer sufficient time to prepare his claim. However, unless the district court takes either of the two requested actions, nothing will change during this statutory period that will enable Skamfer to proceed