OPINION
PER CURIAM.
Cecil Brookins appeals pro se from the District Court’s entry of summary judgment in favor of defendants. Because we conclude that this appeal presents no substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.
I.
Brookins filed an application to proceed in forma pauperis and a complaint pursuant to 42 U.S.C. § 1983 seeking damages against defendants, wherein he claimed that officers of the Pittsburgh Police Department used excessive force while taking him into custody on an arrest warrant. He asserts that the officers wanted to kill him because he refused to help certain corrupt police officers participate in drug trafficking. He also claims that defendants falsified the arrest warrant, implemented a custom and policy of using excessive force, denied him medical care, conspired to defraud the United States, conspired to prevent the truth from being presented at his trial, and committed other acts of fraud and deceit.
In February 2002, Brookins engaged in a standoff with the Pittsburgh Police Department. One officer, defendant Costa, was in a room alone with Brookins, trying to convince him to surrender to police on an arrest warrant. While Brookins and Costa were speaking, Brookins noticed SWAT team members outside and became panicked or angry. When the SWAT team entered the room, Brookins began shooting, striking Costa and defendant Huerbin, and missing defendant Knepp. Knepp fired at Brookins eight times, striking him five times. Knepp stopped shooting when Brookins dropped his weapon. A jury convicted Brookins of three counts of attempt *642 ed homicide. Brookins later filed this action.
After Brookins had amended his complaint, the Magistrate Judge issued his first Report and Recommendation, recommending dismissal of all claims other than the excessive use of force claim. Defendants filed a motion for summary-judgment. In his second Report and Recommendation, the Magistrate Judge recommended that the defendants’ motion for summary judgment be granted. In March 2009, over Brookins’ objections, the District Court adopted both Reports and Recommendations in full, denied Brookins’ motions that sought injunctive relief and an extension of time, and granted the defendants’ motion for summary judgment. Brookins timely appealed.
II.
We have jurisdiction under 28 U.S.C. § 1291. Our review is plenary. See Torres v. Fauver, 292 F.3d 141, 145 (3d Cir.2002); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir.2000).
III.
The District Court dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B) all claims but Brookins’ excessive force claim. The District Court noted that Brookins complains repetitively, and at length, that a combination of governmental, law enforcement, legal, and medical personnel have conspired against him. However, as the District Court found, Brookins fails to plead “sufficient factual matter, accepted as true, to ‘state a claim to relief that is plausible on its face.’ ” Ashcroft v. Iqbal, - U.S. -, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A court may discredit allegations that are “fanciful, fantastic, and delusional” and thus may dismiss a complaint as factually frivolous when the facts alleged “rise to the level of the irrational or wholly incredible.” Denton v. Hernandez, 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (citations omitted). After careful review of both amended complaints, we conclude that Brookins’ claims, other than his excessive force claim, were properly dismissed under § 1915(e).
IV.
To succeed on a § 1983 claim, a plaintiff must show that the defendant, acting under of color of state law, deprived him of a federal right. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). In evaluating whether a plaintiffs rights were violated by an arresting officer’s use of force, a court must determine whether the officer’s actions in gaining custody of the plaintiff were “reasonable.” See Scott v. Harris, 550 U.S. 372, 381, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007); Graham v. Connor, 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Factors to be considered include the severity of the crime, whether the suspect posed an immediate threat to public safety, and whether the suspect was actively resisting or evading arrest. See Graham, 490 U.S. at 396, 109 S.Ct. 1865; Carswell v. Borough of Homestead, 381 F.3d 235, 240 (3d Cir.2004).
The District Court’s entry of summary judgment in favor of defendants was proper because there was no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). To overcome the defendants’ argument that summary judgment was warranted, Brookins had to “set forth specific facts” and present more than a “mere existence of a scintilla of evidence” in his favor. Anderson v. Liberty Lobby, Inc., *643 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Brookins’ argument that he was a blameless, unarmed victim is not borne out by the record, which shows that he was armed and that he shot first. Additionally, despite Brookins’ claim that he was shot sixteen times — or fourteen times, as he argued at trial — the trial record indicates that he was shot five times. Knepp’s testimony that he fired his weapon eight times before Brookins dropped his gun was uncontested. That the jury found Brookins guilty of three counts of attempted murder shows that it rejected a justification defense and establishes that Brookins was armed and shot the defendants. On this record, Brookins cannot show that the officers’ use of force was excessive. Accordingly, summary judgment was properly entered in favor of defendants.
V.
Brookins also filed a writ of mandamus to compel officials at SCI-Houtzdale to provide him with more frequent access to the prison law library. He avers that the four-to-six hours a week afforded to him is insufficient, and effectively denies him access to the courts. The District Court properly treated Brookins’ motion as one seeking injunctive relief. There is no indication in the record that the deficiencies in this case could have been remedied had Brookins been afforded more time in the prison law library. See Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002) (to show a denial of access to the courts, a prisoner must demonstrate that the underlying claim was “arguable” and “nonfrivolous,” describe the official acts impeding the litigation, and identify a remedy that could not otherwise be obtained).
Finally, the District Court properly denied Brookins motion for an extension of time, after concluding that, given the clarity of the course of events surrounding Brookins’ arrest and shooting, and after seven years of litigation, no conceivable reason for an extension existed.
VI.
For the foregoing reasons, we conclude that the appeal presents no substantial question. Accordingly, we will summarily affirm the District Court’s judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.