**ALD-186**                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1737
_____

KEVIN ROGERS,
                                                    Appellant

v.

ESSEX COUNTY; ESSEX COUNTY PROSECUTOR OFFICE; ESSEX COURT
SHERIFF DEPARTMENT; NEWARK, THE CITY; NEWARK POLICE
DEPARTMENT
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-10-cv-03979)
District Judge:  Honorable William J. Martini
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 12, 2011

Before:  SCIRICA, HARDIMAN AND VANASKIE, Circuit Judges

(Opinion filed: June 1, 2011)
_____

OPINION
_____

PER CURIAM

        Appellant Kevin Rogers, appeals pro se from the order of the United States

District Court for the District of New Jersey dismissing his civil rights complaint

pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief may be granted. We will affirm.

Rogers filed his complaint, which he amended, pursuant to 42 U.S.C. § 1983. In his amended complaint, Rogers claimed that his constitutional rights were violated on August 4, 2008, when the police falsely arrested him for domestic disorder and assault after his dog, "Rage," attacked his daughter. (Am. Compl. ¶¶ 2, 9, 25(a)(6).) He averred that the judge's signature on the warrant was forged; he also claimed that the judge who signed the warrant "was not active." (Id. at ¶¶ 11, 25(a)(10).) Rogers averred that the defendants used excessive force by referring to him with racial slurs and by placing him "in a jail cell without a crime being committed or any incitement by the plaintiff." (Id. at ¶ 16.) He alleged that the defendants were deliberately indifferent to his medical needs, claiming that "paranormal phenomena caused the plaintiff to have brain cancer, tumor, anemia, and exo-plasmic disorder," and stating that the Social Security Administration designated him "to psychiatry categories." (Id. at ¶ 16(b).) Rogers alleged that a medical scan of his brain "is a radiological scan" taken in 2002, a "[y]ear after the plaintiff was released from the in person jurisdiction of [the] New Jersey Department of Corrections." (Id. at ¶ 16(b)(2).) He asserted that the scan showed that he has "rats, leaches, worms and larvae, upon plaintiff's brain with an exo-organism covering and infecting the plaintiff's entire brain," which he said was "cause[d] over in (sic) 14 year period of unlawful confinement." (Id. at ¶¶ 16(b)(2) 16(c).) He claimed that he was denied medical treatment, alleging that he was treated as delusional and given psychotropic drugs like

2

respidol and cemedine while he was held in the Essex County Correctional Facility pending his release on bail. (Id. at ¶¶ 16(c), 25.) He sought damages.

The District Court liberally construed Rogers's amended complaint as claiming false arrest, malicious prosecution, and denial of medical treatment, in violation of the Fourth and Eighth Amendments, and dismissed it sua sponte pursuant to § 1915(e)(2)(B). Applying the standard set forth in Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. 1937 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for determining whether a pro se complaint states a claim upon which relief can be granted, the District Court held that Rogers failed to plead facts sufficient to state a claim for relief that is plausible on its face. This appeal followed.

We have jurisdiction to review the District Court order pursuant 28 U.S.C. § 1291. Upon de novo review of the record, we conclude that there is no substantial question on appeal and that summary action is warranted. See LAR 27.4 and I.O.P. 10.6. We find no error in the District Court's dismissal of Rogers's amended complaint. In order to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. 1937, 1949 (2009) (internal quotations omitted); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (complainant must "provide the grounds of his entitlement to relief [with] more than labels and conclusions. . . ."). Although Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

3

Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).

The District Court properly determined that Rogers failed to plausibly state a claim of false arrest or for malicious prosecution under the Fourth Amendment based on Rogers's admission that his dog attacked his daughter, the factual basis for probable cause, and the lack of any factual support for his unadorned accusation that the arrest warrant was forged. (D. Ct. Op. at 6-7.) As for Rogers's excessive force and denial of medical care claims under the Eighth Amendment, we agree with the District Court's dismissal of these claims. We cannot reasonably infer that excessive force was used from Rogers's allegation that the defendants verbally abused him and placed him in jail. See Hudson v. McMillian, 503 U.S. 1, 9-10 (1992) (holding that "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force"). Hence, the District Court correctly dismissed the excessive force claim. We agree with the District Court's dismissal of Rogers's denial of medical care claim under § 1915(e)(2)(B), but for different reasons. We conclude that Roger's "paranormal phenomena" allegations that he has insects and vermin in his brain and an "eco-plasmic disorder," among other similar allegations, are fantastic, delusional, and simply unbelievable, and thus, Rogers's Eighth Amendment denial of medical care claim was properly dismissed as frivolous. See Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them").

Accordingly, we will affirm the District Court's judgment. <u>See</u> LAR 27.4 and I.O.P. 10.6.