**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 27, 2011

No. 11-50008
Summary Calendar

Lyle W. Cayce
Clerk

ERIC FLORES,

Plaintiff-Appellant

v.

UNITED STATES ATTORNEY GENERAL; NORTHERN ATLANTIC
EXTRADITION SERVICES,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CV-256

Before HIGGINBOTHAM, DAVIS and ELROD, Circuit Judges.

PER CURIAM:[*]

Eric Flores, formerly detained in the El Paso County Jail Annex,
challenges the district court's dismissal of his pro se, in forma pauperis (IFP),
civil rights complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Section
1915(e)(2)(B) provides that a district court shall dismiss an IFP complaint, at
any time, if the district court determines that the action is frivolous. *See*
§ 1915(e)(2)(B)(i). A complaint lacks an arguable basis in fact and is factually

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

frivolous when the allegations are fanciful, fantastic, and delusional or when they "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

In the district court, Flores alleged that:

> [C]ertain executive employees of the federal government . . . are using advanced technology with a direct signal to the satellite in outer space that has the capability of calculating a genetic code to inflict upon the petitioner and his immediate relatives different types of genetic virus[es] that cause severe pain which was equivalent in intensity to organ failure, brain damage, impairment of body function, and death.

We observe that Flores's claims are similar to those raised in a prior action, also dismissed as frivolous, and that we affirmed that prior dismissal as frivolous. *See Flores v. U.S. Attorney Gen.,* 378 F. App'x 473 (5th Cir. 2010).

The district court determined that Flores's claims were "fanciful, fantastic, delusional, and, therefore, baseless" or "irrational and 'wholly incredible.'" Flores repeats his wholly incredible allegations in his brief to this court. Flores's allegations lack an arguable basis in fact. *See Denton*, 504 U.S. at 32-33. The district court therefore did not abuse its discretion in dismissing Flores's complaint as frivolous. *See id.*

Flores's appeal has no arguable merit, is frivolous, and is dismissed. *See* 5TH CIR. R. 42.2. Because Flores was incarcerated at the time that he filed the instant complaint, the district court's dismissal of Flores's action as frivolous counts as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Should Flores accumulate three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

Flores is further cautioned that the filing of further frivolous appeals will result in sanctions. These sanctions may include dismissal, monetary sanctions,

and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. Flores is directed to review any other appeals that may be pending in this court and to withdraw any appeal that is frivolous.

All pending motions are denied.

APPEAL DISMISSED AS FRIVOLOUS; MOTIONS DENIED; SANCTION WARNINGS ISSUED.