# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-11255
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2014

Lyle W. Cayce
Clerk

CHRISTOPHER CURTIS,

Plaintiff-Appellant

v.

ASSISTANT WARDEN WILLIAM H. JONES, III; MAJOR CHARLES R. HORSLEY; SERGEANT KRISTA M. VASQUEZ; JOSE A. ARMENEDARIZ, Correctional Officer IV; DESMOND BARRERA, Correctional Officer IV,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:12-CV-224

Before KING, JOLLY, and PRADO, Circuit Judges.

PER CURIAM:[*]

Christopher Curtis, Texas prisoner # 1094686, appeals the district court's dismissal of his 42 U.S.C. § 1983 suit against Texas Department of Criminal Justice employees Assistant Warden Williams H. Jones, Major Charles R. Horsley, Sergeant Krista M. Vasquez, Correctional Officer Jose A. Armendariz, and Correctional Officer Desmond Barrera.  *See* 28 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11255

§§ 1915(3)(2), 1915A.  According to Curtis, the defendants had failed to protect him in violation of the Eighth Amendment.  Curtis's allegations as to how the defendants did so, however, have changed repeatedly.  In the district court, Curtis asserted that Vasquez orchestrated an antagonistic relationship between him and another inmate which resulted in a fight in which Curtis was injured.  He now asserts a more generalized scheme against him by several of the defendants, but particularly Armendariz, of which the fight was evidence rather than the result.  Curtis's vague allegations, contradicted by other evidence in the record and shifting as Curtis tries to evade dismissal, are "wholly incredible" and thus frivolous.  *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).  The district court acted within its discretion in dismissing the complaint as frivolous, and its judgment is AFFIRMED.  *See Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013).