59 F.3d 178
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ira CARTER, Plaintiff-Appellant,
v.
Aristedes W. ZAVARAS, Executive Director DOC; Joe Palino,
acting Warden AVCF; Mike Cunningham, AVCF; Gale
Norton, Attorney General for the State
of Colorado, Defendants-Appellees.
 No. 95-1010.
 United States Court of Appeals, Tenth Circuit.
 June 30, 1995.
 
 Before SEYMOUR, Chief Judge, MCKAY and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Ira Carter filed a pro se 42 U.S.C.1983 complaint alleging that defendants violated his Eighth Amendment rights while he was incarcerated at the Arkansas Valley Correctional Facility (AVCF). The district court granted Mr. Carter in forma pauperis status but then dismissed the complaint as frivolous under 28 U.S.C.1915(d). Mr. Carter appeals this dismissal, and we affirm.
 
 
 3
 Mr. Carter alleged that defendants Mike Cunningham and Norm Bouldin, supervisors at the AVCF, told Mr. Carter to follow the instructions of Paul Theoit, an inmate instructor, in operating a table saw at the refurbishing shop. Mr. Carter contends that he used the saw as instructed but nonetheless cut off part of his index and little fingers, and severely injured his ring and middle fingers. Mr. Carter argues that defendants violated his constitutional rights because 1) they knew that the equipment lacked a safety guard, as required by the Occupational Safety and Health Administration (OSHA) regulations; and 2) he waited for over two hours before being transferred to a local hospital for treatment.
 
 
 4
 The district court rejected Mr. Carter's argument for two primary reasons. First, the Eighth Amendment deliberate indifference standard incorporates something more than mere negligence, Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994), and Mr. Carter "alleged facts indicating, at most, negligence giving rise to the unfortunate accident causing permanent injury to his hand." Carter v. Zavaras, No. 94-S-2281, slip op. at 3 (D. Colo. Dec. 3, 1994). Second, Mr. Carter did not allege that the prison failed to respond to his medical needs; he merely disagreed with the treatment he received. "Such a disagreement fails to support a claim of cruel and unusual punishment." Id. at 4.
 
 
 5
 Mr. Carter appeals the district court's section 1915(d) dismissal. We review the district court's dismissal under an abuse of discretion standard. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We hold that the district court did not abuse its discretion, and we affirm for substantially the reasons given by the district court. In doing so, we note that Mr. Carter's complaint fails for failure to state a constitutional claim. Federal courts do not have jurisdiction over state tort claims unless the plaintiff and all defendants are from different states. Mr. Carter's remedy for this incident is in state rather than federal court.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470