70 F.3d 1274
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Leslie J. SCHATZ and Alvin Hegge, Plaintiffs-Appellants,
v.
Lynn OESTREICH, et al., Defendants-Appellees.
 No. 94-2970.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 3, 1995.*
Decided Nov. 14, 1995.
 
 Before BAUER, COFFEY and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 Alvin Hegge provides legal assistance for other inmates at the Waupun Correctional Institution in Wisconsin. Hegge ran up such a large debt (more than $11,000) in his prison trust account that the prison attached all of his incoming funds to pay off his obligation. This prevented Hegge from buying additional legal materials or paying for photocopies. When Hegge landed in segregation (his complaint does not reveal the reason), he lost access to his stockpile of legal materials and could not rely on other inmates to send him copies made on their own accounts. So Hegge and another inmate filed this suit under 42 U.S.C. Sec. 1983, contending that the accumulation of obstacles to Hegge's legal work deprives his "clients" of access to the courts. Deeming the suit frivolous, the district court denied plaintiffs leave to proceed without prepayment of costs. See 28 U.S.C. Sec. 1915(d). Instead of paying the docket fee, plaintiffs appealed.
 
 
 2
 Because an order under Sec. 1915(d) is not on the merits, appellate review is deferential. Denton v. Hernandez, 504 U.S. 25, 33 (1992). The district court did not abuse its discretion. The constitutional guarantee of a right of access to the courts does not guarantee that any particular person will be available to supply legal assistance. The complaint does not allege that anyone other than Hegge has been effectively disabled from providing assistance; it does not allege that any inmate has been unable to obtain legal redress because Hegge overspent his account; it does not allege that Hegge was placed in segregation in retaliation for legal activities. See McNabola v. Chicago Transit Authority, 10 F.3d 501, 513 (7th Cir.1993) That Hegge has been treated differently from other prisoners does not get him anywhere under the equal protection clause; the complaint does not contend that any forbidden classification accounts for the differences. Distinctions based on inability or unwillingness to pay one's debts are entirely proper. And general allegations of "conspiracy" add nothing unless the object of the agreement is forbidden. Cf. House v. Belford, 956 F.2d 711, 721 (7th Cir.1992). The complaint therefore was subject to dismissal, without prejudice, under Sec. 1915(d).
 
 
 3
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record