IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-20244
Conference Calendar
_____


CURTIS MACK LEWIS,

                                        Plaintiff-Appellant,

versus

JAMES A. COLLINS; M. BRUCE THALER,
Warden; JERRY G. BRISHER; JOHN DOE,

                                        Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CA-H-95-CV-3276
- - - - - - - - - -
June 25, 1996
Before HIGGINBOTHAM, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Curtis Mack Lewis, #646507, appeals the dismissal of his civil rights action pursuant to 28 U.S.C. § 1915(d).  Lewis contends that the district court erred in concluding that he had not alleged that he was deprived of adequate medical care in violation of the Eighth Amendment.

--------------------

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Even if we liberally construe Lewis' complaint as alleging an Eighth Amendment violation, the claim lacks merit. Lewis' Eighth Amendment claim against the defendants in their official capacities is barred by the Eleventh Amendment. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-101 (1984). Further, Lewis' claim against the defendants in their individual capacities is equally unavailing because Lewis does not allege personal involvement or a causal connection between their actions and the alleged violation. See Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987).

Lewis does not address on appeal his claim against the correctional officers concerning the injury to his arm, and it is deemed abandoned. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). The district court did not abuse its discretion in dismissing the action as frivolous. See Denton v. Hernandez, 504 U.S. 25, 31-33 (1992); 28 U.S.C. § 1915(d).

The appeal is without arguable merit and thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. 5th Cir. R. 42.2. We previously warned Lewis in Lewis v. Collins, No. 95-20899 (5th Cir. Feb. 27, 1996), that further frivolous appeals would invite the imposition of sanctions and cautioned him to review any pending appeals to ensure that they did not raise frivolous arguments. Lewis has not heeded this warning.

Accordingly, Lewis is barred from filing any <u>pro</u> <u>se</u>, <u>in</u> <u>forma</u> <u>pauperis</u>, civil appeal in this court, or any <u>pro</u> <u>se</u>, <u>in</u> <u>forma</u> <u>pauperis</u>, initial civil pleading in any court which is subject to this court's jurisdiction, without the advance written permission of a judge of the forum court; the clerk of this court and the clerks of all federal district courts in this Circuit are directed to return to Lewis, unfiled, any attempted submission inconsistent with this bar.

APPEAL DISMISSED; SANCTION IMPOSED.