IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50600
Conference Calendar

_____


LEE ALLEN REECE,

                                        Plaintiff-Appellant,


versus

MARY GOLDEN,

                                        Defendant-Appellee.


- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-96-CV-110
- - - - - - - - - -
April 17, 1997
Before REAVLEY, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:*

    Lee Allen Reece, Texas prisoner #636526, appeals from the
dismissal of his civil rights action as frivolous.  Reece is
GRANTED leave to proceed *in forma pauperis* (IFP) on appeal.  We
assess an initial partial filing fee of $4.16 on Reece.  28
U.S.C. § 1915(b)(1).  After collection of the initial partial
filing fee, Reece is required to make monthly payments of twenty

_____

    * Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

percent of the preceding month's income credited to his account,

until he has paid the entire $105 appellate filing fee.
§ 1915(b)(2).

IT IS ORDERED that Reece pay the appropriate initial partial filing fee to the clerk of the District Court for the Western District of Texas. IT IS FURTHER ORDERED that the agency having custody of Reece's inmate account shall collect the remainder of the $105 filing fee and forward for payment, in accordance with § 1915(b)(2), to the Clerk of the District Court for the Western District of Texas each time the amount in Reece's account exceeds $10, until the appellate filing fee is paid.

Reece contends that the district court erred by dismissing his complaint as frivolous. He argues that he was retaliated against and that *Heck v. Humphrey*, 512 U.S. 477 (1994), does not bar his case because his conviction has been overturned.

The dismissal of Reece's complaint as frivolous was not an abuse of discretion. *Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992). Reece argued retaliation in the district court but provided no specific allegations indicating a retaliatory motivation. *See Whittington v. Lynaugh*, 842 F.2d 818, 819-20 (5th Cir. 1988). None of Reece's contentions would have undermined the validity of his conviction; *Heck* is inapplicable to Reece's case. *See Heck*, 512 U.S. at 487. Reece's appeal is without arguable merit and is frivolous. *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). His appeal therefore is dismissed. Finally, Reece's motion for appointment of counsel is

DENIED.

APPEAL DISMISSED.  5TH CIR. R. 42.2.