165 F.3d 32
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Elijah GRANT, Plaintiff-Appellant,
v.
James R. EDGAR, et al., Defendants-Appellees.
 No. 95-3276.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 27, 1998.[1]
Decided Sept. 22, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 94 C 6550. Charles P. Kocoras, Judge.
 Before Hon. JOEL M. FLAUM, Hon. MICHAEL S. KANNE, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 Elijah Grant appeals the district court's denial of his request to proceed in forma pauperis and the termination of his case. We affirm.
 
 
 2
 Grant was a correctional counselor at Sheridan Correctional Center, an Illinois state prison. On October 29, 1994, a thirty-day suspension pending discharge was imposed on Grant because he engaged in conduct unbecoming a state employee. Grant filed this lawsuit alleging that the real reason he was disciplined was because of his race and in retaliation for numerous complaints he filed against some of the same defendants.
 
 
 3
 The district court summarily denied Grant's motion to proceed in forma pauperis (IFP) and dismissed the complaint. We vacated that decision because the district court's summary denial did not adequately set forth the court's reasoning for its decision, and thus we could not determine whether the court acted within its discretion in denying the IFP motion. Moreover, it was not "apparent from the face of the complaint itself that the claim [was] frivolous." We remanded the case for further explanation. Grant v. Edgar, No. 94-3696 (7th Cir. July 14, 1995) (unpublished order).
 
 
 4
 On remand, the district court provided more details. The court noted that Grant had filed two prior lawsuits also charging race discrimination. The court stated: "The complaint ..., as in prior complaints, contains broad and wide-ranging charges of racial discrimination similar to those made in the prior two complaints." The court also stated: "We believe denial of the IFP request was proper in light of his prior two complaints on the part of the state officials and the dismissal of those complaints for the reasons described." Finally, the district court observed that an appeal would be frivolous. We interpret the district court's decision to deny IFP status to Grant as based on res judicata and a determination that the lawsuit is frivolous.
 
 
 5
 Grant's first lawsuit was resolved on summary judgment in favor of the defendants. We affirmed the district court's judgment in that case because Grant failed to properly contest the defendants' statement of undisputed facts and thereby admitted the defendants' allegation that he was disciplined for violating an institutional rule, not because of his race. See Grant v. Pfoltner, No. 94-1019 (7th Cir. Jan. 11, 1996) (unpublished order). Grant's second complaint was dismissed by the district court on the ground of res judicata. However, we reversed that dismissal, holding that res judicata was not a bar to Grant's lawsuit because his claims were based on an entirely different set of historical facts unrelated to those alleged in his first lawsuit. Grant v. Edgar, No. 94-3109 (7th Cir. July 23, 1996) (unpublished order).
 
 
 6
 Similarly, this lawsuit relies on an entirely different set of historical facts than those alleged in either of Grant's prior lawsuits.[2] Grant challenges an October 29, 1994 thirty-day suspension pending discharge for conduct unbecoming a state employee. In fact, judgment was entered in both of his earlier suits before the events he complains of here occurred. Therefore, to the extent that the district court relied on res judicata to deny Grant's IFP motion and to dismiss his complaint, the decision is incorrect. We cannot say, however, that the district court abused its discretion in concluding that Grant's complaint is frivolous. See Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 On the appellees' motion for an order of non-involvement on appeal due to lack of service in the district court, this court concluded that there were no appellees to be served in this appeal and that the appeal would be submitted without the filing of a brief by any appellee. After an examination of the brief and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the brief and the record. Fed. R.App. 34(a); Cir. R. 34(f)
 
 
 [2]
 In the first action (No. 94-1019), Grant vaguely referred to numerous disciplinary procedures. He specifically directed the court's attention to an incident occurring on February 10, 1993 for which Grant was charged with conduct unbecoming an officer. In the second case (No. 94-3109), Grant focused on another incident involving a breach of security which occurred on June 30, 1993