FILED

**NOT FOR PUBLICATION**

MAR 03 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MATTHEW LOUIS JOHNSON, | No. 09-55490 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-00080-DMS-POR |
| v. | |
| DARR, Correctional Officer, | MEMORANDUM [*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted February 16, 2010 [**]

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Matthew Louis Johnson, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

PDM/Research

exhaust administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to exhaust, and review for clear error its factual determinations. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003). We affirm in part, vacate in part, and remand.

The district court properly dismissed the action because Johnson did not complete the prison grievance process prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006) (holding that "proper exhaustion" under § 1997e(a) is mandatory and requires adherence to administrative procedural rules). However, we vacate the judgment and remand for the limited purpose of entering dismissal without prejudice. *See Wyatt*, 315 F.3d at 1120 (providing that dismissals for failure to exhaust administrative remedies are without prejudice).

Johnson's remaining contentions are unpersuasive.

Contrary to appellee's contention, the district court did not abuse its discretion by concluding Johnson's action was not frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (reviewing for abuse of discretion frivolousness determinations under 28 U.S.C. § 1915(e)(2)).

Each party shall bear its own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**