15-194
*Rishar v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of February, two thousand sixteen.

PRESENT:
>           GUIDO CALABRESI,
>           GERARD E. LYNCH,
>           RAYMOND J. LOHIER, JR.,
>                   *Circuit Judges.*
_____

JOHN ROBERT RISHAR,

>                   *Plaintiff-Appellant*,

>       v.                                          No. 15-194

UNITED STATES OF AMERICA,

>                   *Defendant-Appellee*.
_____

FOR APPELLANT:                               John Robert Rishar, Jr., pro se,
                                             St. Johnsbury, VT.

FOR APPELLEE:                                No Appearance


Appeal from a judgment and order of the United States District Court for the

District of Vermont (Christina Reiss, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

Appellant John Rishar, proceeding pro se, appeals from the district court's sua sponte dismissal of his action seeking a preliminary injunction against the United States and its denial of reconsideration of that decision. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's sua sponte dismissal of a complaint. Giano v. Goord, 250 F.3d 146, 149-50 (2d Cir. 2001). A complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). By contrast, a claim "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted).

Upon such review, we conclude, substantially for the reasons stated by the district court, that Rishar's complaint was frivolous. Livingston, 141 F.3d at 437. The district court correctly found that, to the extent that Rishar's claims were not barred by sovereign immunity, even when read with the "special solicitude" due pro se pleadings, Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks omitted), Rishar's allegations "rise to the level of irrational or wholly incredible, whether

2

or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992). Moreover, because there is no reason to think that a valid claim might be stated, the district court's denial without leave to amend was appropriate. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

We have considered Rishar's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment and order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk