NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN FITZGERALD KENNEDY; HILDA TOBIAS KENNEDY, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> THE ESTATE OF MARILYN MONROE; et al., <br><br> Defendants-Appellees. | No. 18-55952 <br><br> D.C. No. 2:18-cv-05038-FMO-SS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted January 8, 2020**

Before:    CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

John Fitzgerald Kennedy and Hilda Tobias Kennedy appeal pro se from the

district court's orders dismissing their action alleging claims for intentional and

negligent infliction of emotional distress and parental adjudication.  We have

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a district court's dismissal of an action as frivolous. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). We affirm.

The district court did not abuse its discretion by dismissing plaintiffs' action as frivolous because the action lacked an arguable basis either in law or in fact. *See id.* at 31-33 (discussing the meaning of "frivolousness").

The district court did not abuse its discretion by rejecting plaintiffs' motion to withdraw their requests to proceed in forma pauperis. *See Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (setting forth standard of review for district court's enforcement of local rules and explaining that "[b]road deference is given to a district court's interpretation of its local rules").

Plaintiffs' motion to supplement the record on appeal is denied. *See Gonzalez v. United States*, 814 F.3d 1022, 1031 (9th Cir. 2016) ("Absent extraordinary circumstances, we generally do not permit parties to supplement the record on appeal.").

**AFFIRMED.**