**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 22-1875

---

PATRICK LUMUMBA OKEYO,
Appellant

v.

USCIS, NEWARK OFFICE; CITY HALL JERSEY CITY; HUDSON COUNTY CLERKS OFFICE; PRYSLAK TRANSPORTATION; NORTH STAR SERVICES, SOUTH KEARNY; NEW JERSEY UNEMPLOYMENT AGENCY LABOR DEPARTMENT, NEW JERSEY DEPART. OF LABOR WORKFORCE; NEW MARANATHA KARIBU SDA CHURCH; NEW BRUNSWICK ENGLISH SDA CHURCH; FARMERS INSURANCE; ANGELIC BAPTIST CHURCH, BAYONNE; FRANK A. VITERITTO, LAWYER; JERSEY CITY POLICE DEPARTMENT; HARRISON POLICE DEPARTMENT; LINDEN POLICE DEPARTMENT; LYFT RIDESHARE SERVICE

---

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-21-cv-17431)
District Judge: Honorable Susan D. Wigenton

---

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 23, 2022
Before: HARDIMAN, PORTER, and MCKEE, Circuit Judges

(Opinion filed: January 10, 2023)

OPINION[*]

PER CURIAM

Patrick Lumumba Okeyo appeals the District Court's order dismissing his complaint. One appellee, Farmers Insurance Company, has filed a motion for summary action. We grant that motion and will summarily affirm the District Court's judgment as to Farmers and affirm the judgment as to all other defendants.

In his complaint filed in September 2021, Okeyo sought to challenge multiple, unrelated events that occurred as early as 1996. He believed that Appellees were harassing and investigating him as well as taking his property. Appellees filed motions to dismiss. The District Court granted the motions to dismiss and sua sponte dismissed the complaint for failure to state a claim as to any remaining defendants. Okeyo filed a notice of appeal, arguing only that the District Court erred because he stated plausible claims for relief and the statute of limitations did not bar them.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise de novo review over the District Court's order granting Appellees' motions to dismiss. See Dique v. N.J. State Police, 603 F.3d 181, 188 (3d Cir. 2010). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation omitted). It is not enough for a plaintiff to offer only conclusory allegations or a simple recital of the elements of a claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

We agree with the District Court's analysis. Okeyo's scattered and conclusory allegations simply do not assert a claim that is "plausible on its face." See Iqbal, 556 U.S. at 678; see generally Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (a complaint's factual allegations are "clearly baseless" if they are "fanciful, fantastic, [or] delusional" (citations omitted)).

On appeal, Okeyo sets forth reasons he believes the statute of limitations should not apply to his claims. However, the District Court dismissed his claims for failure to state a claim and only noted that "it *appears* many of Plaintiff's claims *would* be barred by applicable statutes of limitations." ECF No. 70 at 4 (emphasis added). Because we agree with the District Court that Okeyo did not set forth any intelligible cause of action against any defendant in his complaint, we need not address whether Okeyo would be entitled to any tolling of the statute of limitations for his claims.

For the above reasons, as well as those set forth by the District Court, we grant Farmers' motion and will summarily affirm as to Farmers and affirm the District Court's judgment in all other respects. See 3d Cir. L.A.R. 27.4.