Campbell v. Broome County

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

- - - - - -

August Term, 2025

(Submitted:  October 22, 2025     Decided: April 9, 2026)

Docket No. 25-406

_____

DAVID JOHN CAMPBELL,

*Plaintiff-Appellant*,

- v. -

BROOME COUNTY; DAVID HARDER, Broome County Sheriff; MARK HAMILTON, Deputy Sheriff for Broome County; LUCAS FINLEY, Assistant District Attorney for Broome County in his individual capacity; CITY OF BINGHAMTON; JARED M. KRAHAM, Mayor of City of Binghamton, New York; CHIEF JOSEPH ZIKUSKI, Binghamton Police Department; NICHOLAS MUSHALLA, Officer for Binghamton Police Department in his individual capacity; BRYAN SOSTOWSKI, Detective for Binghamton Police Department; UNKNOWN NEW YORK STATE POLICE TROOPER, in his/her individual capacity,

*Defendants-Appellees*.[*]

_____

---

[*]     The Clerk of Court is instructed to amend the official caption to conform with the above.

Before: KEARSE, WESLEY, and KAHN, *Circuit Judges*.

Appeal by plaintiff *pro se* from a judgment of the United States District Court for the Northern District of New York, Anne M. Nardacci, *Judge*, *sua sponte* dismissing his amended complaint brought chiefly under 42 U.S.C. § 1983 claiming violations of his rights under the Fourth and Fourteenth Amendments to the Constitution by defendants Broome County, New York, the City of Binghamton, New York, certain of their respective officials and employees, and an unnamed New York State Police Trooper, and alleging an array of unpleasant or unproductive interactions emanating from plaintiff's ownership and desire to maintain or regain possession of firearms that he had told the authorities he was licensed to possess. The district court *sua sponte* dismissed the action pursuant to 28 U.S.C. § 1915(e) principally on the ground that the amended complaint was factually frivolous, and alternatively on the grounds that, as to the events complained of, the amended complaint failed to allege personal involvement of certain individual defendants and failed to allege facts to show a municipal policy, custom, or practice that caused a violation of his rights. *See Campbell v. Broome County*, 3:23-cv-01337 (AMN/ML), 2025 WL 341926 (N.D.N.Y. Jan. 30, 2025). The court denied leave to file a further amended complaint. On appeal, plaintiff contends that his amended complaint was not given fair consideration.

This appeal was calendared and submitted in tandem with *Campbell v. City of Binghamton*, No. 25-409 ("*Campbell v. Binghamton II*"), which we decide today in a summary

order, *see* \_\_\_ F. App'x \_\_\_ (2d Cir. April 9, 2026), affirming the dismissal of plaintiff's similar action, *Campbell v. City of Binghamton*, No. 3:24-cv-00067 (AMN/ML) ("*Campbell v. Binghamton I*"), that made many of the same allegations against some of the same defendants he sued in the present action. With one exception, we affirm the judgment at issue in the present appeal, largely for the reasons given by the district court in the present action, and in light of our affirmance today in *Binghamton II*. We vacate and remand only so much of the judgment as dismissed the claim that defendant Nicholas Mushalla--who was not named as a defendant in *Binghamton I*--violated plaintiff's rights by unreasonably seizing firearms and other items from his home.

Affirmed in part, vacated in part, and remanded.

DAVID JOHN CAMPBELL, Binghamton, New York, *Plaintiff-Appellant pro se*.

KEARSE, *Circuit Judge*:

Plaintiff *pro se* David John Campbell appeals from a judgment of the United States District Court for the Northern District of New York, Anne M. Nardacci, *Judge, sua sponte* dismissing his amended complaint ("Amended Complaint" or "Am. Compl."), brought chiefly under 42 U.S.C. § 1983 claiming violations of his rights under the Fourth and Fourteenth Amendments to the Constitution by defendants Broome County, New York, the City of Binghamton, New York, certain of their respective officials and employees, and an

unnamed New York State Police Trooper, and alleging an array of unpleasant or unproductive interactions emanating from plaintiff's ownership, and his desire to maintain or regain possession of, firearms that he had told the authorities he was licensed to possess. The district court adopted the recommendation of the magistrate judge to whom the Amended Complaint had been referred for report and recommendation (*see* REPORT and RECOMMENDATION, *Campbell v. Broome County*, 3:23-cv-01337 (AMN/ML), 2024 WL 5378979 (N.D.N.Y. Dec. 30, 2024) ("Mag.J. R&R" or "Report")), and *sua sponte* dismissed the action pursuant to 28 U.S.C. § 1915(e) principally on the ground that the Amended Complaint was factually frivolous, and alternatively on the grounds that, as to the events complained of, the Amended Complaint failed to allege personal involvement of certain individual defendants, and failed to allege facts to show a municipal policy, custom, or practice that caused a violation of his rights. *See Campbell v. Broome County*, 3:23-cv-01337 (AMN/ML), 2025 WL 341926 (N.D.N.Y. Jan. 30, 2025) ("*Broome I*"). On appeal, Campbell contends that his Amended Complaint was not given fair consideration.

This appeal was calendared and submitted in tandem with *Campbell v. City of Binghamton*, No. 25-409 ("*Binghamton II*"), which we decide today in a summary order, *see* ___ F. App'x ___ (2d Cir. April 9, 2026), affirming the dismissal of a similar action brought by Campbell, *see Campbell v. City of Binghamton*, No. 3:24-cv-00067 (AMN/ML) (or "*Binghamton I*"), that made many of the same allegations against some of the same

-4-

defendants sued in the present action. With one exception, we affirm the judgment at issue in the present appeal, largely for the reasons given by the district court in *Broome I*, and in light of our affirmance today in *Binghamton II*. We vacate and remand only so much of the *Broome I* judgment as dismissed the claim that defendant Nicholas Mushalla--who was not a defendant in *Binghamton I*--violated Campbell's rights by unreasonably seizing firearms and other items from his home.

# I. BACKGROUND

Campbell commenced the present action *pro se* in October 2023 and was allowed to proceed *in forma pauperis*. His original complaint was dismissed with leave to amend. His Amended Complaint filed on August 1, 2024, which is the operative complaint, recounted experiences with Broome County (or the "County"), the City of Binghamton (or "Binghamton") (collectively the "municipalities"), and various officials or employees of the respective municipalities. The magistrate judge to whom the Amended Complaint was referred for report and recommendation described the pleading as a "disjointed and difficult to follow" document that, in addition to its attachments, was "thirty-seven pages long," of

which "[p]ages six through thirty-three . . . consist of one run-on paragraph." (Mag.J. R&R, 2024 WL 5378979, at *1.)

A. *The Amended Complaint*

The Amended Complaint alleged events that began in May 2022, when Campbell contacted the Broome County Sheriff's office ("BCSO") to inquire whether he and his wife, who "were currently permit holders in Indiana and [were] moving to Broome County," would be able to "transfer their gun permits to NYS." (Am. Compl. at "6 of 42".) Campbell was informed that once he got to Broome County, he "must bring the pistols into NYS and turn in all pistols/guns to BCSO." (*Id*.) Campbell went to the BCSO on the following day. In addition to explaining that the guns he was surrendering were disabled and in a locked canister, Campbell "explain[ed]" that he and his wife "had only two single shot .22 caliber long guns, 2 bb/pellet long guns, [and] 1 p[is]tol grip pump 12 guage [*sic*] shot gun *beside what was just surrendered*." (*Id*. (emphasis added).)

The Amended Complaint alleged that Campbell was required to leave the surrendered firearms at the Sheriff's Office for "*safe keeping*." (*Id*. at "7 of 42" (emphasis in original).) It alleged that in mid-July 2022, he was told by a Federal Firearms Licensed dealer that "there was no safekeeping of guns by BCSO and they most likely had no intention of

ever returning Plaintiff's property . . . ." (*Id*. at "7-8 of 42".) Campbell was never able to regain possession of some of the firearms he had left at the BCSO; and some that he was able to retrieve were in an altered or damaged condition. (*See id*. at "8-9, 17, 27, 30 of 42".)

The Amended Complaint alleged that Campbell thereafter had several encounters with area policemen, among them the following. On the night of November 23, 2022, a New York State Police trooper stopped Campbell as he was driving near his Binghamton home (purchased in October 2022 (*see id*. at "17 of 42")), and said Campbell's car "had an out tailight [*sic*]" (*id*. at "10 of 42"). The trooper made Campbell so nervous that, in searching "through his rubber banded personal effects [he] lost a $5 bill." (*Id*.) The Amended Complaint did not allege that the trooper did more than "admonish" Campbell. (*Id*.) The Amended Complaint also alleged that Campbell had observed that his taillights were in fact on, being reflected on the Trooper's car; and when he thereafter attempted to get police records with regard to the stop, he was told there was no such documented stop, and that it would take nearly a year before he would learn whether he would be allowed to see requested "video footage." (*Id*. at "11 of 42".)

On January 13, 2023, Campbell asked his wife to call the Binghamton Police Department ("BPD") because he suspected that their house had been breached and that their car had been vandalized. Officer Mushalla and another officer arrived in response. The Amended Complaint alleged that Campbell told Mushalla that no one had actually entered

their home, but as he was attempting to explain his concerns, Mushalla entered the house, picked up Campbell's shotgun, ejected its shells, and demanded "the rest of [Campbell's] guns and ammo." (*Id*. at "12 of 42".) "Mushalla and his partner grabbed all [Campbell's] guns, ammo, bb guns and other wealth items" and "left without words. They left without explaining or documenting anything." (*Id*. at "13 of 42".) Campbell then discovered that some of his important papers were also missing and that some major home appliances had been damaged.

Just after midnight on January 14, 2023, Campbell and his wife were awakened by insistent banging on their door. The Amended Complaint alleged that Campbell "[o]pen[ed] the door to a whole group of Binghamton police," including defendant Bryan Sostowski, "claiming to have a search warrant"; and because of that representation the "Police were verbally allowed in." (*Id*. at "15 of 42".) The Amended Complaint indicated that it was Sostowski who said they had a search warrant, as it alleged that the officers were an "otherwise silent group." (*Id*.) While it also alleged conclusorily that Sostowski "appear[ed] to lead" the group (*id*.), it did not allege that he instructed or spoke to the officers at all.

The Amended Complaint alleged that Sostowski was "talking the whole time" (*id*.); that he "tried tricking Plaintiff into signing a CONSENT FORM claiming it was a confinscation [*sic*] slip for the items being taken then and the day before" (*id*. at "17 of 42"); and that Sostowski was "mak[ing] comments the entire time about the lawyer he brought

with him and something about the current governor of NY as the reason for what was happening at that moment." (*Id*. at "16 of 42".)

The Amended Complaint alleged that Sostowski subsequently applied for and received Extreme Risk Protection Orders ("ERPOs") and Temporary Extreme Risk Protection Orders ("TERPOs") based on his deliberately false representations. After having induced Campbell to allow the officers' entry into his home on January 14 by pretending that "a blank piece of paper" was a search warrant (*id*. at "18 of 42")--which "BPD took . . . with them claiming it was a warrant when they left and never returned it" (*id*. at "15 of 42")--Sostowski "deliberately told falsely the court via [defendant] Lucas Finley [that] Plaintiff and his wife gave police free will consent to enter and search" on January 13, 2023, and January 14, 2023 (*id*. at "19 of 42").

C. *The Dismissal of the* Broome I *Amended Complaint*

The magistrate judge to whom Campbell's Amended Complaint was referred for report and recommendation recommended that the Amended Complaint be dismissed--without leave to further amend--as reported at 2024 WL 5378979, familiarity with which is assumed. After noting that federal courts are required to interpret complaints of *pro se* plaintiffs to raise the strongest arguments they suggest, and summarizing Campbell's factual

allegations "as best as" he could "decipher" (Mag.J. R&R, 2024 WL 5378979, at *1 & n.1), the magistrate judge found the Amended Complaint to be factually frivolous, filled with allegations that were "wholly incredible, irrational, and/or appear[ed] to be the product of delusion or fantasy" (*id*. at *4 (internal quotation marks omitted)).

The Report noted that the Amended Complaint was also defective in several other respects. Most fatal to Campbell's § 1983 claims, his pleading "fail[ed] to allege the personal involvement of Defendants Harder, Hamilton, Kraham, Zikuski, and Unknown New York State Trooper in any alleged constitutional deprivation." (*Id*. at *5.) And as to the municipalities, the Amended Complaint "fail[ed] to allege facts plausibly suggesting that . . . Broome County and the City of Binghamton violated Plaintiff's constitutional rights through the execution of their policies." (*Id*. (citing, *inter alia*, *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978) ("*Monell*")).) The Report noted that the Amended Complaint also sought relief under New York State criminal statutes that did not afford a private right of action.

The district court in *Broome I*, 2025 WL 341926, after reviewing the magistrate judge's report and recommendation and considering Campbell's objections, adopted the magistrate judge's recommendation in its entirety and dismissed the complaint without leave to amend.

## II. DISCUSSION

On appeal, Campbell contends generally that the court failed to give his Amended Complaint fair consideration by failing to accept his allegations as true, thereby denying him access to the courts. We disagree, although we conclude that his Amended Complaint should not have been dismissed to the extent that it asserted a Fourth Amendment claim against Mushalla.

Section 1915 of Title 28 of the United States Code, which governs proceedings *in forma pauperis*, provides, in pertinent part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous . . . [or] fails to state a claim on which relief may be granted . . . ." 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii). Historically, dismissals on grounds of factual frivolity have been reviewed for abuse of discretion, *see Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("*Denton*"), although some Circuits have viewed more recent changes to the statute now codified at § 1915(e) as warranting appellate review *de novo*. *See, e.g., Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 436-37 (2d Cir. 1998) ("*Livingston*"). Our Court has yet to issue a precedential opinion taking a position as to the required standard of review for a finding of factual frivolity, *see, e.g., id.* at 437; and we need not do so now, given that our assessment of the district court's rulings on Campbell's complaint is the same under either standard.

For the reasons stated by the magistrate judge and adopted by the district court, we concur that most of Campbell's Amended Complaint--interpreted to make the strongest case that the factual allegations suggest--is frivolous, "alleg[ing] a wide-ranging conspiracy among various law enforcement agencies spanning two states and a hospital to seize Plaintiff's firearms and property" (Mag.J. R&R, 2024 WL 5378979, at *4). We also agree with the district court's dismissal of Campbell's *Monell* claims against the municipalities because the Amended Complaint lacked factual allegations that plausibly suggested that the City or the County had a policy, custom, or practice that deprived Campbell of his constitutional rights.

A. *Claims Against Most of the Individual Defendants*

We largely agree also with the district court's dismissal of Campbell's claims against most of the individual defendants--*i.e.*, Harder, Hamilton, Kraham, Zikuski, and Unknown New York State Trooper--on its alternative basis that the Amended Complaint failed to allege their "personal involvement . . . in any alleged constitutional violation." (Mag.J. R&R, 2024 WL 5378979, at *5.) These individuals generally either were mentioned conclusorily only as elected or appointed officials who did not respond to Campbell's grievances or requests for assistance (*see, e.g.*, Am. Compl. at "24-27 of 42"), or were criticized

for constitutionally permissible acts. For example, as to the latter, the Amended Complaint alleged that Broome County Deputy Sheriff Hamilton searched Campbell when he brought firearms to the Sheriff's office for temporary surrender--hardly an unreasonable act in the interests of safety, especially as the guns surrendered were only some of Campbell's firearms (*see*, *e.g.*, *id*. at "6 of 42" (noting that "beside[s] what was [being] surrendered," Campbell and his wife had "two single shot .22 caliber long guns, 2 bb/pellet long guns, [and] 1 p[is]tol grip pump 12 guage [*sic*] shot gun")); and it alleged that Hamilton reneged on a promise to give Campbell a ride home from the BCSO, causing Campbell to walk some distance that gave his feet blisters (*see id*. at "7 of 42").

Defendant Lucas Finley, a Broome County Assistant District Attorney--whom the district court did not include in its list of defendants not alleged to have been personally involved in the events of which Campbell complained--was mentioned in the Amended Complaint only as a person to whom Sostowski allegedly gave false information in order to apply for judicial ERPOs and TERPOs. (*See* Am. Compl. at "18-19 of 42".) Even if Sostowski as alleged provided false information, the Amended Complaint did not allege that Finley knew of the falsity or otherwise violated Campbell's rights. (*See*, *e.g.*, *id*. at "19 of 42" (alleging a fact that Sostowski allegedly "withheld from the court and Finley").)

The Amended Complaint was properly dismissed against these defendants.

-13-

B. *The Claims Against Mushalla and Sostowski*

The Amended Complaint included more definite allegations as to allegedly unconstitutional conduct by Mushalla and Sostowski, although for the reasons that follow, we vacate the dismissal only of the claim against Mushalla.

1. *Mushalla*

On January 13, 2023, Campbell had his wife call BPD, suspecting that their car had been vandalized and that their house had been breached; and Campbell then waited for the police on his front porch. The Amended Complaint alleged that when police officer Mushalla and a partner arrived, he told Mushalla that "no[ ]one actually came into the home" (Am. Compl. at "12 of 42"); that Mushalla essentially ignored what Campbell was telling him and entered the house, where he picked up Campbell's shotgun and "demanded the rest of [Campbell's] guns and ammo." (*Id*.) It alleged that Mushalla and his partner "grabbed all Plaintiff's guns, ammo, bb guns and other wealth items" and "left without explaining or documenting anything." (*Id*. at "13 of 42".)

We conclude that these allegations were sufficient to state a § 1983 claim under the Fourth Amendment against Mushalla. Although the fact that Campbell had summoned

the police to his home might suggest that the officers were thereby given consent to enter, it could also reasonably be inferred that any such implied permission to enter was rescinded by Campbell's informing Mushalla that no interloper had entered the house. While a claim pursued *in forma pauperis* must, under § 1915(e)(2)(B) be dismissed if it is frivolous or fails to state a claim on which relief may be granted, it is "not [to] be dismissed 'simply because the court finds the plaintiff's allegations unlikely,'" *Livingston*, 141 F.3d at 437 (quoting *Denton*, 504 U.S. at 33). And dismissal for failure to state a claim is not permissible simply because some important alleged aspect of the claim might not be credited.

We conclude that the district court erred in dismissing as frivolous, or as failing to state a claim on which relief may be granted, Campbell's Fourth Amendment claim against Mushalla for the search of his home and seizure of his firearms and other items on January 13, 2023.

2. *Sostowski*

While the Amended Complaint at issue here also asserted claims that an unconstitutional search and seizure occurred at Campbell's home on January 14, 2023, and alleged that Sostowski was involved in that event, we do not disturb the dismissal of this claim against Sostowski.

As described in Part I above, the Amended Complaint alleged that just after midnight on January 14, 2023, Campbell's home was entered and searched by a large group of Binghamton police officers falsely claiming to have a search warrant. Although the Amended Complaint did not allege that Sostowski was one of the searchers--alleging instead that he was "talking the whole time," and trying to "trick[]" Campbell into signing a consent form that related to the searches on both January 13 and 14--it alleged conclusorily that Sostowski "appear[ed] to lead" the group; and it appeared to allege that Sostowski "gathered" some bags and plastic cases of shotgun shells found by other officers.

While these allegations in the present action might arguably suffice to state a claim of unlawful search or seizure by Sostowski, we are mindful that this appeal was argued in tandem with Campbell's *Binghamton* action, which significantly overlaps this one. (Indeed, in both *Broome I*, *see* 2025 WL 341926, at *2 n.2, and *Binghamton I*, *see* 2025 WL 341928, at *2 n.2 (N.D.N.Y. Jan. 30, 2025), the district court noted Campbell's overlapping lawsuits, and each opinion referred to the other action as the "second" action.)

Campbell's amended complaint in *Binghamton I* named as defendants the City, its mayor, the BPD chief of police, and Sostowski. That amended complaint alleged that in both "the January 13 and 14th incidents at 5 Bradley Street," BPD seized items from Campbell's home "without consent, probable cause, warrant or any court order." (*Binghamton I* amended complaint at "4-5 of 18"); it alleged that on January 13, BPD seized,

-16-

*inter alia*, enumerated firearms and valuable "legal documents worth over $2,000.000.00" or at least "$300,000.00" (*id*. at "4 of 18"); and that "after [the] second entry by BPD Jan. 14, 2023," "BPD also seized," *inter alia*, boxes and bags of ammunition, along with "4 small natural mined untreated white diamond chips" (*id*.).

Campbell's amended complaint in *Binghamton I* alleged that the "[i]tems taken Jan.[]13 and 14, 2023 by BPD were taken without proper consent" (*id*. at "10 of 18"), and that Sostowski thereafter sought ERPOs and TERPOs in connection with BPD's "acts done on Jan. 13 and 14th 2023 attempting to make the whole situation appear done correctly" (*id*. at "5 of 18"). Although Campbell's *Binghamton I* amended complaint did not explicitly identify Sostowski as a participant in the BPD searches and seizures complained of, it named him as a defendant; indeed, he was the only BPD officer so named. The dismissal of that amended complaint thus dismissed Campbell's January 13 and 14 search-and-seizure claims against Sostowski, and that decision is affirmed in *Binghamton II*. Campbell is not entitled to pursue in the present action the dismissed claims--arising out of the same circumstances--which he made, or could have made, in *Binghamton I*.

In sum, the dismissal of the amended complaint in *Binghamton I* without leave to amend and our *Binghamton II* affirmance of that dismissal foreclose the requested reinstatement of Campbell's *Broome I* claims against Sostowski related to the alleged searches and seizures at Campbell's home on January 13 and 14, 2023.

CONCLUSION

We have considered all of Campbell's contentions on this appeal and, except as indicated above, have found them to be without merit. The judgment of the district court in *Broome I*, to the extent that it dismissed Campbell's claim against Mushalla for search and seizure, is vacated, and the matter is remanded for further proceedings on that claim. In all other respects, the judgment is affirmed.