*Tamayo v. FBI*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand twenty-six.

PRESENT:
> RICHARD J. SULLIVAN,
> BETH ROBINSON,
> > *Circuit Judges.*
> JED S. RAKOFF,
> > *District Judge.*\*

_____

CARLOS TAMAYO, JR.,

> *Plaintiff-Appellant,*

v.                                                                              No. 25-1296

_____

\* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

FEDERAL BUREAU OF INVESTIGATION,

CENTRAL INTELLIGENCE AGENCY,

*Defendants-Appellees.*

_____

**For Plaintiff-Appellant:**    Carlos Tamayo, Jr., *pro se*, Bronx, NY.

**For Defendants-**
**Appellees:**        No brief.

Appeal from a judgment of the United States District Court for the Southern District of New York (Louis L. Stanton, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 15, 2025 judgment of the district court is **AFFIRMED**.

Carlos Tamayo, Jr., proceeding *pro se*, appeals from the dismissal of his claims against the Federal Bureau of Investigation (the "FBI") and the Central Intelligence Agency (the "CIA"), which allegedly violated his privacy by stalking him through his television and cellular devices. The district court concluded that (i) it lacked subject-matter jurisdiction because sovereign immunity shielded the FBI and CIA from suit, and (ii) any amendment to the complaint would be futile

because Tamayo's claims were frivolous. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

"When reviewing the dismissal of a complaint for lack of subject[-]matter jurisdiction, we review factual findings for clear error and legal conclusions *de novo*, accepting all material facts alleged in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012). And "when denial of leave to file a revised [complaint] is based on a legal interpretation, such as futility, a reviewing court conducts a *de novo* review." *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164 (2d Cir. 2015). Finally, because Tamayo "has been *pro se* throughout," we construe "his pleadings and other filings . . . to raise the strongest claims they suggest." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

"[U]nder the principle of sovereign immunity," "the United States may not be sued without its consent," the existence of which "is a prerequisite for jurisdiction." *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). This "shield . . . protects not only the United States but also its agencies." *Dotson v. Griesa*, 398 F.3d 156, 177 (2d Cir. 2005). Here, Tamayo sued the FBI and CIA – both federal agencies – without

alleging that the United States consented to suit or waived its immunity. The district court thus properly concluded that it lacked subject-matter jurisdiction.

The district court also correctly denied leave to amend as futile. Even if Tamayo could have re-worked his complaint to skirt the FBI's and CIA's sovereign-immunity defense, he asserts factually frivolous claims. A claim is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' – that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)). Tamayo's allegations here match that standard. He claims that the FBI and CIA are "talking [to him] through" his phone and television and "taunt[ing]" him, but alleges no facts to support his conclusory assertions. App'x at 7; *see Denton*, 504 U.S. at 33 ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible.").

\* \* \*

We have considered Tamayo's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court.

4